THE STATE, THE PENNSYLVANIA RAILROAD COMPANY AND THE UNITED NEW JERSEY RAILROAD AND CANAL COMPANY, PROSECUTORS, v. THE NATIONAL DOCKS AND NEW JERSEY JUNCTION CONNECTING RAILWAY COMPANY.

1. Under the General Railroad law (*Rev.*, p. 925) an application to condemn the lands of a corporation chartered for the purpose of facilitating transportation, will be deemed an application to condemn such lands for the purpose of crossing only, unless it avers that the lands are not necessary for the purposes of the franchises of the present owner.

2. Under that law, land in a public street may be condemned, as against the private owner of the fee.

3. Under that law, if a railroad company requiring certain lands cannot make an agreement with the owner which will secure to the company the use or the purchase of the lands, because the lands are held under a long lease by a tenant who refuses to sell, a case arises for the exercise of the power of condemnation.

4. Under that law, a lessor and lessee of lands are not entitled to have their estates condemned separately.

5. Under that law, a railroad company may condemn land to provide for not only its present but also its prospective necessities, within the limits of the statute.

On *certiorari.*

Argued at June Term, 1894, before Justices DIXON, REED and ABBETT.

For the prosecutors, *Joseph D. Bedle* and *James B. Vredenburgh.*

For the defendant, *Charles L. Corbin* and *Charles D. Thompson.*

The opinion of the court was delivered by

DIXON, J.    On March 17th, 1894, the National Docks and New Jersey Junction Connecting Railway Company presented to one of the justices of this court an application for the appointment of commissioners to appraise certain lands described therein, belonging to the United New Jersey Railroad and Canal Company and by it leased to the Pennsylvania Railroad Company, which lands the petitioner desired to use in the construction of its railroad.    On this application commissioners were appointed under the General Railroad act (*Rev., p.* 925), and thereupon a *certiorari* was allowed to test the legality of the appointment.

The first objection made by the prosecutors of the *certiorari* is that the application fails to show either that the land is to be taken merely for the purpose of crossing, or that the land is not necessary for the franchises of the present owners.

The provisions of the statute by which the strength of this objection must be tried, are found in the eleventh, twelfth and thirty-sixth sections of the act.    By the eleventh and twelfth sections authority is given to railroad corporations organized under the act, to acquire by condemnation any lands which may be necessary for the construction of their roads, and the procedure for such condemnation is prescribed in terms applicable alike to all lands, irrespective of their ownership.    This general grant is, however, limited by the thirty-sixth section, which provides " that no corporation * * * shall be authorized to take, use or occupy by condemnation any lands * * * of any bridge, railroad, canal, turnpike or other corporation chartered for the purpose of facilitating transportation, except for the purpose of crossing said lands, * * * and except the lands of such other

corporations not necessary for the purposes of their franchises." But there are no other directions as to procedure.

The effect of these enactments is, we think, to permit the lands of railroad corporations to be condemned by the same forms as may be employed in condemning the lands of private owners, without stating the intended uses; but under such forms the lands of railroad corporations will be taken only for the purpose of crossing the same. If the condemning company seeks to acquire such lands for other purposes, another fact must exist to warrant its proceeding, viz., that the lands are not necessary for the franchises of the owning corporation, and under legal rules that jurisdictional fact should be averred in the application.

By legal intendment, therefore, the present application, showing that the lands to be taken belong to railroad corporations, and not showing that the lands are unnecessary for the franchises of the owners, does, when construed with the statute, import that the lands are to be acquired only for the purpose of crossing the same. The opinion expressed in *United Companies* v. *National Docks*, 23 *Vroom* 90, 97, that the petition for condemnation must allege that the land is to be taken merely for the purpose of crossing, was overruled on error in *Pennsylvania Railroad Co.* v. *National Docks Co.*, 24 *Id.* 217.

The objection is invalid.

The next objection to the proceeding is that the land lies in a public street of Jersey City and that the condemning company intends to cross it in such a way as will exclude ordinary travel, and be, as against the public, illegal. The condemning company insists that the street has been lawfully vacated and the land is mere private property. Which is right in this contention need not now be decided, for the object of the present proceeding is merely to render the estate of the prosecutors, whatever it is, subject to the defendant's right to cross the land. In fixing the compensation which the prosecutors are to receive, the character of their title will, of course, be matter for consideration, but it does not at all

:affect the power of the defendant to acquire a right of cross-ing against that title. *Laing* v. *United New Jersey Railroad and Canal Co.*, 25 *Vroom* 576, 578. The mode, and even the possibility, of enjoying the right may depend on the existence or non-existence of the public easement, but, as the prosecutors are, under this proceeding, to be compensated for any mode of crossing now lawful, or which may become lawful in the future (*National Docks Co.* v. *United Companies*, 24 *Id.* 217), they can suffer no wrong by the condemnation.

The third objection is that no attempt was made to agree with the United New Jersey Railroad and Canal Company for the purchase of the right to cross.

The statute authorizes proceedings to condemn only when the company requiring the lands cannot agree with the owner or owners for the use or purchase thereof.

In a general sense, the United Company is the owner of this land, but the land is in the possession and control of the Pennsylvania Railroad Company under a lease made in 1871 for nine hundred and ninety-nine years. Evidently, no agreement for the use or purchase of the land—no agreement which will secure to the applicant the use or purchase of the land—can be made with the United Company without the concurrence of the Pennsylvania Company, and the petition alleges, and the evidence shows, that the Pennsylvania Company will not concur. An attempt to agree with the United Company would, therefore, have been fruitless, and was not required.

It is further insisted by the prosecutors that their estates, as lessor and lessee, must be condemned separately.

The language of the General Railroad law, defining the duty of the commissioners who are to make the appraisement in these proceedings, is the same as that before the Court of Appeals in *Bright* v. *Platt*, 5 *Stew. Eq.* 362, 370, and it was there considered to be the duty of the commissioners simply to ascertain what sum of money is an equivalent for the whole right which the condemning company is to acquire and the whole injury which it is to inflict, leaving to other tribunals

the distribution of the fund among the claimants of particular estates and interests. The present proceeding is in accordance with this view.

The last objection urged is that more land is taken than is reasonably necessary for a crossing.

The strip of land described in the application is about seventy-five feet in width. The prosecutors contend that, as the present plan of the defendant contemplates only two tracks, a width of fifty-five feet would be ample.

But the statute under which the defendant is acting authorizes it to construct a railroad one hundred feet wide, and within that limit it has power to provide for not only its present but also its prospective necessities. There is no evidence that, in the condemnation now sought, this power is being abused. *Railway* v. *Peet,* 152 *Pa. St.* 488.

None of the objections appear to us to be well founded, and the proceedings under review are affirmed, with costs.