SAMUEL ZIMMERMAN v. HUDSON AND MANHATTAN
RAILROAD COMPANY.

Argued February ·24, 1908—Decided June 8, 1908.

The statute of 1900, regulating the proceedings to be taken in the condemnation of lands for public use, requires the commissioners appointed thereunder to ascertain what sum of money is an equivalent for the whole right which the condemning corporation is to acquire, and the whole injury which it is to inflict. It does not permit them to make a separate award to the several owners of particular estates and interests in the land taken.

---

On application for *certiorari,* and for rule to show cause why *mandamus* should not issue.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and MINTURN.

For the applicant, *J. Merrill Lane.*

*Contra, Collins & Corbin.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    Zimmerman, the applicant in this matter, seeks a *certiorari* to review the action of commissioners appointed in a condemnation proceeding, instituted by the Hudson and Manhattan Railroad Company, to acquire a tract of land owned by one Hill, and in the possession of the applicant under a lease which does not expire until 1910. The ground of the application is that the commissioners erred in reporting the value of the property taken, and the damages sustained by the taking, in a lump sum, instead of making a separate award of the moneys to be paid to the applicant for his leasehold interest, and of the amount to be paid to Hill, the owner of the fee.

The revised Railroad act of 1903 (*Pamph. L., p.* 645), under which the company exercised the right of eminent domain, provides in the thirteenth section that the proceedings to condemn shall be had pursuant to "An act to regulate the ascertainment and payment of compensation for property condemned or taken for public use." *Pamph. L.* 1900, *p.* 79. The fifth and sixth sections of that act provide that commissioners shall be appointed "to examine and appraise the said lands or property and to assess the damages;" and that they shall "proceed to view and examine the land, or other property, and make a just and equitable appraisement of the value of the same, and an assessment of the amount to be paid by the petitioner for such land, or other property, and damage aforesaid." This enactment is almost an exact transcript of the condemnation clause of the General Railroad law (*Gen. Stat., p.* 2641, § 12), which provides that commissioners shall be appointed "to examine and appraise the said lands or materials, and to assess the damages;" and

that when appointed they "shall proceed to view and examine the said land or materials, and to make a just and equitable assessment, or appraisement, of the value of the same, and an assessment of damages to be paid by the company for such lands or materials and damages aforesaid." The method of procedure to be followed by the commissioners appointed under this section of the General Railroad law was the subject of decision by this court in the case of *Pennsylvania Railroad Co.* v. *National Docks Railroad Co.,* 28 *Vroom* 86, and it was there declared that the duty of the commissioners was simply to ascertain what sum of money is an equivalent for the whole right which the condemning company is to acquire, and the whole injury which it is to inflict, leaving to other tribunals the distribution of the fund among the claimants of particular estates and interests. In so holding we followed the decision of the Court of Errors and Appeals in *Bright* v. *Platt,* 5 *Stew. Eq.* 362, where the same view was expressed as to the effect to be given to a provision almost identical in its language, contained in the charter of the New Egypt and Farmingdale Railroad Company. The latter decision is binding upon this court. The commissioners in the present case followed the rule there laid down, and a *certiorari* to review their action must therefore be denied.

It appears from the facts laid down before us that, after the rendition of their award by the commissioners, Zimmerman and Hill each appealed separately therefrom to the Circuit Court of the county of Hudson; that subsequently Hill dismissed his appeal; that Zimmerman duly applied to the Circuit Court (Judge Parker presiding) to frame the issue to be tried on his appeal; that his application was refused; that subsequently he renewed his application before Judge Vail, who was then presiding in the place of Judge Parker, the latter having in the meantime resigned, and that this second application was also refused, upon the ground that the statutory time within which an issue could be framed had then expired. Appreciating the probability that his application for a writ of *certiorari* would be denied, Zimmerman

further petitions, in case of such denial, that he be allowed a rule to show cause why a writ of *mandamus* should not issue to the Circuit Court of Hudson county commanding it to frame an issue upon the appeal taken by him, and to proceed with the trial thereof. Whether a tenant, holding a lease upon lands sought to be acquired by a railroad corporation organized under "An act concerning railroads," is entitled to appeal from an award of commissioners made in a proceeding instituted to condemn such lands; whether *mandamus* will lie to a Circuit Court to compel it to frame an issue on an appeal taken from such an award; and, if it will, then whether such a writ ought to be allowed to the applicant under the facts of this case, are questions which, in our judgment, ought not to be determined in a preliminary application of this kind, but upon formal hearing and full argument. We therefore express no opinion upon these questions, but allow the rule to show cause, reserving their consideration until the return of the rule.