PHILIP DAAB v. HUDSON COUNTY PARK COMMISSION.

Argued June 4, 1908—Decided November 9, 1908.

Section 7 of the act to regulate the ascertainment and payment of compensation for property condemned or taken for public use (*Pamph. L.* 1900, *p.* 79), does not authorize a separate action at law by a lessee for the value of his estate.

---

On demurrer to declaration.

Before Justices GARRISON, SWAYZE and PARKER.

For the plaintiff, *Leon Abbett.*

For the defendant, *Frank H. Hall.*

The opinion of the court was delivered by

SWAYZE, J.   The declaration avers that the defendant took proceedings to condemn lands; that the commissioners' report fixed the value of the land at $132,800, and of the buildings, fences and improvements thereon, $3,000, making, in all, $135,800, which the commissioners reported to be the total value in a gross sum of all the interests, estate and shares in said land and property, whether in possession, remainder, or expectancy, and the total damages to be paid by the petitioner, the present defendant; that the plaintiff was the occupant, and was in possession of the land under a valid and subsisting lease, and was the owner of the buildings, fences and improvements; that the value of his estate in the land and property was $25,000.

The action is sought to be sustained under section 7 of the act to regulate the ascertainment and payment of compensation for property condemned or taken for public use.   *Pamph. L.* 1900, *p.* 79.

The section enacts that the report, together with the petition and orders, or a certified copy thereof, shall be plenary evidence of the right of the owner to recover the amount awarded, with interest and costs, in an action upon contract in any court of competent jurisdiction, in a suit instituted against the petitioner, after neglect to pay the same for twenty days after the filing of the report; and shall, from the time of filing the report, be enforceable as a lien upon the property taken, and any improvements thereon.

If the present action can be maintained the defendant may be subjected to one or more other actions by the owner of the reversion or by persons claiming other estates in the land.   The act provides no machinery by which the amount awarded can be apportioned among the several parties in interest.   Section

6 requires the commissioners to view the land or other property and to make a just and equitable appraisement of the value of the same, and an assessment of the amount to be paid by the petitioner for such land or other property, and damages. This evidently contemplates an award in a gross sum for the value of all the estates in the land, such as was made by the commissioners in this case. Section 7 gives the right of action only to the owner, and not to the owners, or to the owner of any estate in the land; and his right is to recover the amount awarded, which can only mean a single amount. It is to be recovered in an action upon contract in a suit to be instituted against the petitioner, that is, one suit only.

We are unable to see, and we are pointed to no authority which justifies such a splitting up of the cause of action as the present suit involves.

The other language of the statute indicates that no such suit at law is necessary for the amount awarded is made enforceable as a lien upon the property taken; and in a suit in equity to enforce such a lien, which is substantially a vendor's lien, the other parties interested in the fund might be brought in, and the fund distributed. Such was the view taken by the English courts in *Walker* v. *Ware, Hadham and Buntingford Railway Co., L. R.,* 1 *Eq. Cas.* 195.

The inability of the commissioners under similar proceedings to determine the value of separate estates was adverted to by the Court of Errors and Appeals in *Bright* v. *Platt,* 5 *Stew. Eq.* 362 (at *pp.* 370, 371).

The defendant is entitled to judgment upon this demurrer.