The Chicago, Burlington and Quincy Railroad Company *et al.* Appellees, *vs.* F. Reisch & Bros. *et al.* Appellants.

*Opinion filed December 21, 1910.*

1. Eminent domain—*it is proper for jury to fix total value and then apportion it among owner and tenants.* In a condemnation proceeding where the owner of the land and several tenants are defendants, it is proper practice for the jury to first fix the value of the entire property and then to apportion such value among the several defendants according to their respective interests.

2. Same—*petitioner is not entitled to prove price agreed to be paid to tenants unless owner has agreed.* In proving the value of property condemned the petitioner is not entitled to show the amounts it has agreed to pay to tenants for their leasehold interests, and thereby bind the owner, who has not agreed to such amounts, to accept as his share of the condemnation money the sum remaining after deducting such agreed amounts.

3. Same—*when instructions as to matter of deducting interests of tenants should not be given.* If the only evidence as to the value of certain leasehold interests in property condemned is erroneously admitted, instructions as to the right of the jury to deduct the value of the leasehold estates in fixing the amount to be paid to the owner of the land have no basis in the evidence and should not be given.

4. Same—*burden is upon petitioner to prove value of premises.* In a condemnation proceeding where the owner and several tenants are defendants, the burden is upon the petitioner to prove, in the first instance, the fair cash value of the property to be taken, and if the owner has not agreed to the amounts the tenants have consented to accept from the petitioner for their leasehold interests, the petitioner must, as a part of its case in chief, introduce original evidence showing the value of the leasehold interests.

5. Same—*when a condemnation verdict is wrong.* If there is evidence showing that a certain leasehold interest in property condemned is of some value, a verdict which leaves unfilled the blank left in the form of verdict as the amount of compensation allowed for such interest is wrong, whether the jury failed to fill the blank by inadvertence or because they ignored the evidence as to value.

6. Appeals and errors—*when question of propriety of counsel's remarks is not preserved for review.* The question of the propriety of certain remarks of counsel to the jury is not preserved

for review where the bill of exceptions fails to show what the re-
marks were except by an affidavit of opposing counsel, or that any
objection was made to the remarks or any exception taken to any
action of the court in ruling or refusing to rule.

APPEAL from the Circuit Court of Marion county; the
Hon. A. M. ROSE, Judge, presiding.

SAMUEL L. DWIGHT, CHARLES H. HOLT, RUFUS M.
POTTS, W. H. NELMS, and ALFRED ADAMS, for appellants.

W. F. BUNDY, NOLEMAN & SMITH, and J. J. BUNDY,
(J. A. CONNELL, of counsel,) for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a proceeding commenced in the circuit court
of Marion county by the Chicago, Burlington and Quincy
Railroad Company against George Reisch, Joseph Reisch
and Annie Reisch, doing business as F. Reisch & Bros.,
(hereinafter referred to as F. Reisch & Bros.,) and the
Reisch Brewing Company and certain tenants in posses-
sion, to condemn for depot, trackage and other purposes
incident to the conduct of the business of said railroad com-
pany in the city of Centralia, lots 7, 8, 9 and 10, in block 12,
in the original town of Centralia. A trial was had and the
jury by their verdict fixed the total value of said lots at
$19,000, and the court, after overruling motions for a new
trial and in arrest of judgment, rendered judgment on the
verdict, from which judgment F. Reisch & Bros. and the
Reisch Brewing Company have prosecuted an appeal.

Appellants urge in this court as grounds of reversal (1)
that the court erred in permitting the petitioner to make
proof, upon the trial, of the amounts it had agreed to pay
three of the tenants in possession of portions of said prem-
ises in satisfaction of their damages; (2) that the court
misdirected the jury as to the law; (3) that the jury failed
to allow the Reisch Brewing Company any amount for its

damages; (4) that the court improperly excluded evidence offered on behalf of the defendants; and (5) that the remarks of the petitioner's counsel in his address to the jury constituted reversible error. The first and second propositions will be considered together.

The record shows that block 12 of the original town of Centralia was in part occupied by the petitioner as station grounds and switch yards in said city; that in order to enlarge its railroad facilities in said city it was necessary to procure title to lots 7, 8, 9 and 10, in said block 12, from F. Reisch & Bros., who were the owners thereof; that said premises were in the possession of certain tenants of said F. Reisch & Bros., and that the petitioner had settled with three of said tenants by agreeing to pay said tenants the following sums, viz.: To Woolner & Co. $250, to George Mathis $500 and to James Reid $250. It also appears that upon the trial, in proof of the value of said leasehold interests, which it was claimed should be deducted from the total value of the premises, the court permitted the petitioner, over the objection of F. Reisch & Bros., to make proof of the amounts which it had agreed to pay said Woolner & Co., Mathis and Reid, and that the court gave to the jury, to assist them in reaching a conclusion as to the amount which they should award F. Reisch & Bros. by their verdict, the following instructions:

No. 6. "The court instructs the jury that whatever amount you allow to the holders of the respective leasehold interests, as proven by the evidence in this case, by way of compensation for the taking of such leasehold interests, should be deducted from the total compensation which the evidence proves is a just compensation for the taking of the respective lots or parcels of ground covered by such leases.

No. 14. "The court instructs the jury that you should first fix the fair cash market value of the lots in question which are sought to be taken in this proceeding, as com-

pensation to the owners, F. Reisch & Bros., and then fix the amount of the fair cash value of the leasehold interests of the several tenants, Reisch Brewing Company, George Mathis, James Reid and Woolner & Co.; but you must then deduct from the amount found as the fair cash value of the lots the amount you find for the several tenants, and give to the owners, F. Reisch & Bros., the remainder, after making the deduction.

No. 15. "The court instructs the jury that there can be but one recovery for the same property, therefore if you believe, from the evidence, that the rights or interests of the lessees, viz., Reisch Brewing Company, James Reid, George Mathis or Woolner & Co., in the lots sought to be taken, has any value, and the same is awarded to either of the said defendants, then such amount so awarded must be carved out of and deducted from the amount fixed as the total fair cash market value of said lots."

It was undoubtedly a proper practice for the jury to first fix the value of the entire property by their verdict and then to apportion the total value of the property as found by them among the several parties who were interested therein. If, however, the petitioner had agreed with certain defendants as to the amounts which they were to receive for their damages, clearly such an agreement would not bind those defendants who were not parties to such agreements, and the petitioner, for the purpose of having the jury apportion the total value of the property among the several claimants, would not have the right to put in proof such agreements, and thereby force F. Reisch & Bros., who had not agreed to the amounts which petitioner had agreed to pay Woolner & Co., Mathis and Reid as their damages, to agree that the amounts agreed to be paid said tenants should be deducted from the total value of the property as found by the jury, and that they would be content with what remained after such deductions had been made, as their compensation and damages for the property

247—23

taken. The burden of proof was upon the petitioner, and it was required, in the first instance, to show the value of the property of F. Reisch & Bros. which it sought to condemn, which was its fair cash value, the total value of which would be reduced by the values of the three leasehold interests of Woolner & Co., Mathis and Reid. We think, therefore, as F. Reisch & Bros. did not agree that the amounts agreed to be paid for said leasehold interests by the petitioner were the value of such leasehold interests, that the petitioner should, as a part of its case in chief, have put in original evidence showing the value of such leasehold interests, and that it was reversible error to have permitted proof before the jury of the amounts which the petitioner had agreed to pay Woolner & Co., Mathis and Reid in settlement of the value of the leasehold interests which they had in the property sought to be condemned, and that in view of the fact that the only proof of the value of said leasehold interests offered in evidence was the proof of the several amounts which the petitioner had agreed to pay for said leasehold interests, there was no legitimate evidence in the record upon which to base petitioner's instructions 6, 14 and 15, and that they should not have been given.

There was evidence in the record showing that the Reisch Brewing Company had a valid lease upon a portion of the premises sought to be condemned, but the jury, in their verdict, wholly ignored the rights of the Reisch Brewing Company and made no finding as to the value of the leasehold interest of said company in the premises sought to be condemned. The court submitted to the jury the form of a verdict, in which they were required to find ........dollars as the just compensation of the leasehold interest of the Reisch Brewing Company. This blank the jury failed to fill with any amount but returned the verdict with all other blanks filled. If the jury inadvertently failed to fill said blank the verdict was wrong, and if they

purposely failed and refused to allow the Reisch Brewing Company anything for their leasehold interest in the property the verdict was wrong, as the evidence showed such leasehold interest had some value. One witness, whose evidence was uncontradicted, testified that such leasehold interest was of the value of $5000. While the value fixed by that witness was undoubtedly* inflated, still it cannot be said that the leasehold interest of the Reisch Brewing Company in the property sought to be condemned was without value.

The defendants sought to show that the property sought to be condemned had a special value as a site for a brewery. There was no brewery on the premises, and at the time the petition was filed no plans for a brewery to be erected on the premises sought to be taken had been proposed. The view that said premises had a special value for brewery purposes seems to have originated after the petition was filed and for the purpose of inflating the value of the premises. The element of value thus sought to be injected into the case was, we think, too remote and was purely speculative. We do not think, therefore, the court erred in declining to permit George Reisch to state where other breweries were located, with a view to show that if a brewery was located on said premises it would have a large unoccupied territory in which to sell beer. Nor do we think the fact that there were numerous railroads centering in Centralia near the premises sought to be taken would make the premises any more valuable for the location of a brewery than it would for the location of any other manufacturing business which required shipping facilities in car-load lots, and that was the view taken by the witnesses who were interrogated upon the subject, with one or two exceptions. The court did not err in its ruling upon the evidence offered for the purpose of showing that the premises sought to be taken had a special value as a location for a brewery.

In the argument of the case the counsel for the petitioner stated to the jury, as appears from an affidavit incorporated in the bill of exceptions, that the petitioner had twenty-four witnesses upon the question of value while the defendants had only sixteen, and that by reason of that fact the testimony of the witnesses of the petitioner should be taken in preference to that of the defendants. No exception was taken to any ruling of the court, or its refusal to rule, upon the fairness of such argument to the jury, and the incorporation of the affidavit into the bill of exceptions does not preserve the remarks of counsel for review in this court. If it is desired to raise for review the question of the propriety of the remarks of counsel made in the argument of a case before the jury, the court must certify, by bill of exceptions, what the remarks of counsel were, and not incorporate in lieu thereof in the bill of exceptions an affidavit of opposing counsel as to what they were; and furthermore, it must appear from the bill of exceptions that objections to the propriety of the remarks of counsel were interposed at the time they were made and that the court ruled or refused to rule upon the objections, and that a proper exception was preserved to the ruling of the court or its refusal to rule. The question sought to be raised is not preserved for review upon this record. If, however, it were properly preserved for review we do not think the remarks of counsel complained of constitute reversible error.

For the error in admitting proof of the amount agreed to be paid to the tenants, Woolner & Co., Mathis and Reid, and in giving petitioner's sixth, fourteenth and fifteenth instructions without any legitimate evidence upon which to base them, and for the failure of the jury to fix in their verdict the value of the leasehold interest of the Reisch Brewing Company in the premises sought to be condemned, the judgment of the circuit court will be reversed and the cause remanded to that court for a new trial.

*Reversed and remanded.*