The Chicago and Northwestern Railway Co. *et al.*
Appellees, *vs.* Averill H. Miller *et al.* Appellants.

*Opinion filed June 20, 1911—Rehearing denied October 6, 1911.*

1. Eminent domain—*petitioner should bring into court all parties interested.* Where the petitioner is not seeking to condemn some particular interest in a lot but the lot itself and all interests therein, it is the duty of the petitioner to bring into court as defendants all persons having any right, title or interest in the property, but it is not bound to decide upon the validity of the titles of contending claimants.

2. Same—*a defendant cannot, by disputing title, eliminate another defendant from case.* If one having an interest in property is not made a defendant the petitioner will not acquire such interest, but if all persons having interests are made defendants, one defendant cannot, by disputing the title of another or raising a controversy as to their respective interests, eliminate another defendant from the proceeding to the prejudice of the petitioner's right to have all interests in the land condemned.

3. Same—*petitioner not required to delay proceeding to await settlement of disputes among defendants.* The question of title is preliminary to the award of damages in a condemnation proceeding, and on a proper issue the court may determine disputes between the defendants; but it may be impossible to have a final adjudication of such disputes before the jury trial is had, and in such case the petitioner is not required to delay the proceeding but may have the entire damages assessed and pay the money to the county treasurer, subject to determination of defendants' interests.

4. Same—*rule as to separate awards.* The Eminent Domain act contemplates assessments of damages for separate interests when that can be done, and where the awards are to be so made it is the duty of the jury to first fix the value of the entire property and then to divide the same according to the respective interests of the defendants; but if there are unsettled controversies among the defendants as to their interests the statute does not contemplate separate awards, but provision is made for payment of the entire compensation to the county treasurer.

5. Same—*defendant who has appealed from decision of court as to his interest is not out of the case.* A defendant who appeals from a decision of the court of a controversy between him and another defendant as to their respective interests is not out of the case but may appear at the trial and offer testimony as to the value of the property, including his interest or the extent and

value of his interest as a part of the whole, and if he fails to do so it is not the fault of the petitioner, and the award will be held to be for the total value of the property, including his interest.

6. Same—*it is proper for the court to submit the question of damage to leasehold interests to the jury.* Owners of leasehold interests have a right to a jury trial upon the question of the damages to which they are entitled as the result of the taking of the property by condemnation.

7. Same—*when trial court, on remandment, cannot permit new issues to be made.* Where the trial court, on cross-petition by the owner of property sought to be condemned, holds that the leases of certain defendants were void, and the Supreme Court, on appeal, holds that such leases were valid in equity and that the lessees were entitled to prove damages and remands the issue on the cross-petition and answers, the trial court has power merely to ascertain the compensation and damages, if any, to which the lessees are entitled.

8. Same—*defendant cannot get rid of lessees' claims by dismissing a cross-petition after remandment.* Where the owner of property condemned files a cross-petition, claiming that the leases held by certain defendants were void, and the decision of the trial court in her favor is reversed by the Supreme Court, which holds the leases were valid, the owner may, on remandment, dismiss her cross-petition and not contest the lessees' claims, but she cannot get rid of the claims by such dismissal.

9. Same—*when defendants need not file new petitions against fund.* Where the defendants to a condemnation proceeding, who claim as lessees, appeal from an order, entered on the owner's cross-petition, holding the leases void, and such order is reversed on appeal and the cause remanded as to the issue on the cross-petition and answers, they cannot be required to file new petitions showing their interest in the fund, which has been ascertained and the money paid to the county treasurer for all interests in the property, but may preserve their rights by objecting to the payment of the fund to the cross-petitioner and prove their damages.

Appeal from the Superior Court of Cook county; the Hon. Ben M. Smith, Judge, presiding.

Harris F. Williams, (Eldon M. Votaw, of counsel,) for appellants.

Wilson, Moore & McIlvaine, for appellee the Chicago and Northwestern Railway Company.

MOSES, ROSENTHAL & KENNEDY, (JOSEPH W. MOSES, and EDWARD D. WALLACE, of counsel,) for appellee Phœbe F. Clark.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

In the petition filed by the Chicago and Northwestern Railway Company, one of the appellees, in the superior court of Cook county, to ascertain the compensation to be paid for property to be taken for a passenger station, Phœbe F. Clark, the other appellee, was named as owner of the fee of a certain lot, and numerous persons, including Averill H. Miller and Ernest F. Scheldein, were stated to be in possession of the building located on the lot and having or claiming interests therein, as tenants or otherwise. An order was entered requiring any defendants whose interests were adverse to present their claims for adjudication by a day fixed in the order. On April 20, 1907, Mrs. Clark filed her cross-petition, alleging that Miller claimed a right to possession under a lease expiring April 30, 1911, and Scheldein claimed under a lease expiring April 30, 1909, which leases were executed by certain persons without authority in writing from her, and that they had not been ratified in writing and were therefore void. Miller and Scheldein answered, claiming to be tenants under the leases, and upon a hearing the court held the leases to be void and that Miller and Scheldein were not entitled to any compensation. From that order Miller and Scheldein appealed to this court. The condemnation suit proceeded, but Miller and Scheldein say that they did not participate in the proceedings after their appeal. The record recites the appearance at the trial of all the parties interested in the property named in the petition, but as the court had held that Miller and Scheldein had no right, title or interest therein, the recital cannot be interpreted as including them. There was a verdict awarding to the owner or owners of

the lot $55,000, and judgment was entered on the verdict on December 24, 1907, ordering payment of the compensation to the county treasurer of Cook county for the benefit of the owner or owners of the property. Payment was made in accordance with that order. The record of the appeal showed that there had been such part performance of the leases as would take them out of the Statute of Frauds, and as equitable rights in real estate are property equally with legal rights and have equal protection under the statute and laws, we held that the court erred in holding the leases void and denying to Miller and Scheldein a right to their pecuniary value, if they had any. The order was reversed and the cause was remanded'to the superior court for further proceedings in accordance with the views expressed in the opinion filed. (*Chicago and Northwestern Railway Co.* v. *Miller,* 233 Ill. 508.) On May 25, 1908, the proceeding on the cross-petition of Mrs. Clark and the answer of Miller and Scheldein was re-docketed in the superior court, and the court ordered the payment of $22,700 out of the money held by the county treasurer to the holder of a mortgage on the property, and recited in the order that Mrs. Clark was entitled to the remainder of the compensation, subject to the rights and claims of Miller and Scheldein. Mrs. Clark asked for an order for the payment of the balance of the money to her and the court ordered the payment of $25,300, but on the motion of Miller and Scheldein ordered the county treasurer to retain the balance of $7000, without prejudice to the rights of Miller and Scheldein against the petitioner and Mrs. Clark, or either of them. On November 9, 1910, Miller and Scheldein moved the court to call a jury and proceed with the trial against the petitioner for the purpose of assessing and awarding to them their compensation and damages on account of the taking of the property, but the court denied the motion. Mrs. Clark moved the court for leave to dismiss her cross-petition and file a new petition instanter, and that Miller

and Scheldein be ruled to each file his petition within five days, setting forth what interests they claimed, and in default thereof be barred from any right or claim to compensation or damages. The court allowed the motion of Mrs. Clark and ordered that a hearing should first be had upon the petitions so ordered to be filed, to determine whether Miller and Scheldein had any legal or equitable rights under their leases, and if it should be found that they had any such rights, a jury should be called for the purpose of assessing and awarding their damages against the fund in the hands of the county treasurer. Mrs. Clark filed her petition in accordance with her motion and the order of the court, praying for payment to her of the balance of the fund. Miller and Scheldein excepted to the order and refused to file new petitions. Thereupon the court entered default against them and ordered that they be forever barred and foreclosed from any right or claim to or participation in the distribution of the sum remaining with the county treasurer and ordered payment of said sum forthwith to Mrs. Clark. Miller and Scheldein excepted and again appealed to this court.

In the proceeding to condemn the lot it was not some particular interest that the petitioner sought to take, but the lot itself and all interests therein. (*Stubbings* v. *Village of Evanston,* 136 Ill. 37.) To accomplish that purpose it was the duty of the petitioner to bring into the court as defendants all persons having any right, title or interest in the property, but it was not bound to decide upon the validity of the titles of contending claimants. (*Thomas* v. *St. Louis, Belleville and Southern Railway Co.* 164 Ill. 634.) If one having an interest in property is not made a defendant the petitioner will not acquire that interest, but when the petitioner has named all parties having interests, one defendant cannot, by disputing the title of another or raising a controversy as to their respective interests, eliminate another defendant from the proceeding. The statute and

the oath of the jury contemplate assessments of damages
for separate interests where that can be done, and where
awards are so made it is the duty of the jury to first fix
the value of the entire property as between the petitioner
and all the defendants, and then to divide the same accord-
ing to the respective interests of the defendants. (*Chicago,
Burlington and Quincy Railroad Co.* v. *Reisch & Bros.* 247
Ill. 350.) There are instances, however, where it is impos-
sible for the jury to determine the amount of compensation
for a particular interest because of an unsettled controversy
between the defendants, and the General Assembly could
not have contemplated separate awards where they could
not be made. Provision is made for the payment of com-
pensation to the county treasurer, and in case of unset-
tled disputes the parties may still be heard on their claims
against the fund. The question of title is preliminary to
an assessment of damages, and on a proper issue the court
may determine disputes between the defendants. (*Chicago
and Milwaukee Electric Railroad Co.* v. *Diver,* 213 Ill. 26;
*Sanitary District* v. *Pittsburgh, Fort Wayne and Chicago
Railway Co.* 216 id. 575.) It may be impossible, as it was
in this case, to have a final adjudication before the trial, and
it would be against public policy and the spirit and intent
of the Eminent Domain act to hold that a petitioner must
delay condemnation because of a dispute between defend-
ants as to what share each should have of the total award.
If a controversy had been pending between Mrs. Clark and
Miller and Scheldein when the petition to condemn was
filed, the conflicting claimants would all have been neces-
sary parties and the award would have been disposed of
afterward according to the final determination of that con-
troversy. That was the situation in *Eddleman* v. *Union
County Traction and Power Co.* 217 Ill. 409, where the
title to property condemned was in litigation in a pending
chancery suit. It was, of course, impossible to have bind-
ing, separate awards by the jury to contending claimants,

and it was held to be the proper practice to order the compensation paid to the county treasurer to abide the result of the chancery suit. In *Colehour* v. *State Savings Institution,* 90 Ill. 152, there was a foreclosure suit and also a condemnation proceeding, and the mortgage was held to be transferred to the fund awarded as compensation. In *Metropolitan Elevated Railway Co.* v. *Eschner,* 232 Ill. 210, some of the defendants claimed compensation for tax titles, and the question not having been settled preliminary to the trial it was decided that the court could protect the parties by ordering payment to the county treasurer, and it would be the duty of the court to decide upon their rights in ordering payment of the compensation to them. The petitioner brought into court all the parties having an interest in the lot, as it was bound to do in order to acquire their interests, and none of them ever ceased to be defendants to the petition. Miller and Scheldein were never dismissed out of the suit and had a right to appear and offer testimony at the trial as to the value of the property, including their interests, or to show the extent and value of their interests as a part of the whole. If there was any damage to them which would not have been included in the award of the total value of the property if they had not been defendants, the court could, and doubtless would, have protected their rights and interests in some appropriate manner. Their failure to participate in the trial and offer evidence was not the fault of the petitioner, and the award was for the total value of the lot and of all interests therein. The petitioner had not the slightest interest in the controversy between them and Mrs. Clark and was not concerned in the appeal. That was decided in a similar appeal in the same condemnation suit, where it was held that the appeal did not involve the condemnation of the property or the rights of the petitioner; that the petitioner's case ceased upon payment of the compensation allowed by the jury for the property, and that it was not a party to the appeal. (*Chi-*

*cago and Northwestern Railway Co.* v. *Garrett,* 239 Ill.
297.) The railway company contends that, as petitioner, it
paid the entire compensation for the lot and all interests
therein, and that the claims of defendants, as between them-
selves, are against the fund and that the controversy be-
tween Mrs. Clark and Miller and Scheldein does not con-
cern it. Counsel for Mrs. Clark agree with the railway
company in that position, and contend with much energy
and elaboration of argument that if Miller and Scheldein
are entitled to any compensation it is to be taken out of
the money that would otherwise come to their client. It
will be seen from what has been said that their view on
that question is correct.

The matter in issue under the cross-petition and answers
thereto was remanded to the superior court for further
proceedings in accordance with the views expressed in the
opinion filed. In that opinion it was held that the leases
of Miller and Scheldein were valid in equity, and that the
court erred in holding them to be void and denying to the
lessees the right to prove damages to them by taking the
property. No subsequent proceedings would be in accord-
ance with those views except a finding that the leases were
valid in equity and a trial of the question of damages. The
court therefore erred in holding that another hearing must
first be had upon a new issue to be made whether Miller
and Scheldein, or either of them, had any legal or equitable
rights under their leases. Neither had the court any power
to order new petitions filed. It was the privilege of Mrs.
Clark to dismiss her cross-petition if she saw fit to do so
and not contest the claim of Miller and Scheldein, but she
could not get rid of that claim by such proceedings and
there was no occasion for ordering new pleadings. There
was no new issue nor any change in the issue, and no
plausible reason for allowing Mrs. Clark to withdraw her
petition and instanter file another claiming the funds. All
that the superior court was authorized to do was to deter-

mine the amount of compensation and damages, if any, to which Miller and Scheldein were entitled.

The railway company contends that Miller and Scheldein, by their objection to the payment of the balance of the fund to Mrs. Clark, asserted their right to a share of it and elected to resort to the fund, while counsel for Mrs. Clark insist that by their refusal to file new petitions against the fund they have elected not to assert any right against it, and that the court properly ordered the balance to be paid to their client for that reason. They did object to the payment to Mrs. Clark of the balance of the fund, and their rights against it were preserved by the order that the county treasurer retain it until the further order of the court. They also asked for a trial against the railway company, to which they were not entitled, and refused to file new petitions against the fund, which we hold they were not required to do. The substantial, meritorious claim made by them is that they have a right to compensation, and we do not see how their refusal to obey an unauthorized order could work a forfeiture of that right.

Mrs. Clark, one of the appellees, has assigned as a cross-error that the court, in the order appealed from, directed that a jury be called for the purpose of assessing and awarding to Miller and Scheldein their damages, if any were proved, and her counsel say that a jury trial was not a matter of right. Such a trial is a matter of right in a case of this kind.

The order of the superior court is reversed and the cause is remanded to that court, with directions to try the question of the amount of compensation and damages to be awarded to Miller and Scheldein for their leasehold interests, and if they are found to be entitled to any sum, to order payment of the same out of the fund in the hands of the county treasurer.

*Reversed and remanded, with directions.*