THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant, *vs.* F. H. ROSKEMMER *et al.* Appellees.

*Opinion filed June 16, 1914.*

1. EMINENT DOMAIN—*question of title should be tried by the court before jury is empaneled.* In a condemnation case the question of the title to the land is preliminary to the question of damages and should ordinarily be determined by the court before the jury is empaneled, as the only question for the jury is the matter of compensation to the owner of the property sought to be taken or damaged.

2. SAME—*damages to land not taken are limited to such as are reasonable and probable.* The assessment of damages to land not actually taken for right of way should be confined to such damages as are reasonable and probable; and this does not include danger of crossing the railroad with teams or danger to members of the family of the owner of the land.

3. SAME—*the asking price of land in vicinity is not admissible.* While actual, voluntary sales of similar land in the vicinity of that condemned may be proved upon the question of compensation and *bona fide* offers may be proved if there are no sales, yet it is not proper to admit in evidence the asking price of land in the vicinity.

4. SAME—*general rule as to damages to land not taken.* The damages which may be allowed for land not taken must be direct and proximate and not possible, only, and nothing should be allowed for imaginative or speculative damages or those which are remote and inappreciable.

5. SAME—*what are not proper elements of damage.* The danger to the owner of the land or his stock of getting run over by trains and killed is not a proper element of damage to land not taken for the railroad right of way; nor is it proper to show that the view of a public highway from the owner's house will be obstructed by the building of the railroad embankment, except where the proof is restricted to the particular tract of land upon which the house is located.

Appeal from the County Court of Massac county; the. Hon. William F. Smith, Judge, presiding.

Courtney, Helm & Helm, (W. W. Barr, of counsel,) for appellant.

H. A. Evans, and Fred Smith, for appellees.

Mr. Justice Carter delivered the opinion of the court:

This was a condemnation proceeding brought in the county court of Massac county. The jury awarded appellees certain damages for land taken for right of way for the said railroad and other damages for adjoining land not taken. From the judgment entered on the verdict this appeal was taken.

The petition for condemnation herein set forth that the Illinois Central Railroad Company had in contemplation the building of a switch or spur from its main line, running about two miles, to connect with a part of the main line of the Chicago, Burlington and Quincy railroad system, for the purpose, among other things, of enabling appellant to make connection with a proposed bridge across the Ohio river. For convenience the term "appellee" will be used to designate F. H. Roskemmer, only. He is the owner of a 22-acre tract of land near the city of Metropolis, in said county, across which this switch has been surveyed, running south-westerly in a diagonal direction and taking out 3.2 acres, leaving a portion of the tract on each side of the proposed right of way. The petition for condemnation only described the land taken in this tract. Appellee, by cross-petition, alleged that he owned a 40-acre tract lying west of the 22 acres, an undivided one-fourth interest in the 20-acre tract lying west of the 40-acre tract, and an interest in a 146-acre tract which lay to the north of the other land. No part of these three tracts was proposed to be taken in

the condemnation proceeding. The land is farm land of the general character of farm land in the vicinity. The locations of the various tracts of land and the proposed line of railroad, and of a gravel wagon road to which much of the evidence refers, as well as the amount of damages allowed, are shown approximately by the following map:

The jury awarded appellee $500 (or $156.25 per acre) for the 3.2 acres taken; $840 for that portion of the 22-acre tract not taken (or $44.68 an acre;) $1400 damages to the 40-acre tract lying immediately west of the 22-acre tract (or at the rate of $35 per acre;) and $100 for appellee's interest in the 20-acre tract lying immediately west of the 40-acre tract, (or at the rate of $20 an acre on the basis of ownership of the entire tract.) No damages were allowed for appellee's interest in the 146-acre tract of land. The plat shows that the railroad ran across the south-east corner of the 146-acre tract, and the railroad company purchased the right of way across this corner from appellee's mother, she having under the will of her husband a life interest in that tract, with a power of selling, at her discretion, the real and personal property of the estate and investing the money for her own benefit and the benefit of her two children, and out of the proceeds to provide for her support and the care and education of the children.

Appellant's first contention is that the trial court committed error in allowing evidence to be presented to the jury as to the ownership of the various tracts of land. In condemnation cases the jury is empaneled solely for the purpose of ascertaining the just compensation to the owner of the property sought to be taken or damaged. No issue as to the ownership should be presented to the jury. The question of title, if any, is preliminary to the question of damages, and ordinarily should be determined before the jury is empaneled. (*Chicago and Milwaukee Electric Railroad Co.* v. *Diver*, 213 Ill. 26; *Metropolitan Elevated Railway Co.* v. *Eschner*, 232 id. 210; *Chicago and Northwestern Railway Co.* v. *Miller*, 233 id. 508.) It may be impossible to have a final adjudication before the trial as to the various titles involved. (*Chicago and Northwestern Railway Co.* v. *Miller*, 251 Ill. 58.) That, however, is not the case here. The question of title should have been presented to

the court and passed upon before the selection of a jury. We are not prepared to say, however, that the error thus committed was injurious to appellant. If this were the only error in the record we should not feel disposed to reverse the cause.

Appellant further contends that the damages allowed are greatly in excess of the value of the property, as shown by the evidence. The testimony introduced by appellee was to the effect the land taken was worth from $100 to $250 per acre, most of his witnesses placing it between $150 and $200. The jury found the value of the land $156.25 per acre. The same witnesses testified as to the damages to the land not taken. Appellant also introduced three witnesses whose testimony as to the damages to land not taken ranged from $25 to $35 per acre for the balance of the 22-acre tract and $10 to $20 per acre for the 40-acre tract. Their estimates as to the land taken ran from $100 to $125 per acre.

Appellant contends that many of appellee's witnesses took into consideration, in fixing their damages, elements not recognized by law as proper to be considered in condemnation proceedings; that many of these elements were speculative and too remote. Some of the witnesses testified that their opinion as to the damages to the remainder of the property was based on the fact that the building of the railroad would obstruct the view of the highway from the house on the 146-acre tract; others testified as to the inconvenience of crossing the railroad on the public highway in going to town; others as to the danger to the owner and to stock of getting run over and killed. Some of the evidence was objected to, and as to all of it appellant moved, at the close of the case, to exclude it from the jury.

While noise, smoke, vibration or danger from fire to fences or buildings may be proper elements of damage, (1 Lewis on Eminent Domain,—2d ed.—sec. 230,) this court has held that the danger of crossing the railroad with

teams or danger to the members of the family of the owner is too uncertain to form a proper basis in the assessment of damages; that the assessment should be confined to such damages, only, as are reasonable and probable. *McReynolds* v. *Burlington and Ohio River Railway Co.* 106 Ill. 152; *Conness* v. *Indiana, Illinois and Iowa Railroad Co.* 193 id. 464; *Chicago and Milwaukee Electric Railroad Co.* v. *Mawman,* 206 id. 182.

One of appellee's witnesses testified that he based his opinion as to the value of the land taken and the damage to the remainder upon what he had been told by a Mr. Grace that the appellant railroad company had given Grace per acre for land for appellant's right of way, and upon the price that he (the witness) had refused to sell some of his land for. The court, on motion of appellant, struck out that part of the testimony which referred to the price given to Grace for right of way over his land but refused to strike out the rest of the testimony. As we read the record, the elements of damage to the land taken and damages to the remainder, as given by this witness, were too uncertain and indefinite to have been submitted to the jury. While actual sales of similar land in the vicinity are admissible in evidence to show values, the asking price of land should not be admitted. (2 Lewis on Eminent Domain,— 2d ed.—sec. 446, and cases cited.) But in the absence of evidence of actual sales, *bona fide* offers to purchase may be admissible. *City of Chicago* v. *Lehmann,* 262 Ill. 468.

It is difficult to lay down any general rule that will cover all cases as to the elements that enter into the damages allowed, but only those are contemplated, in law, for injury to contiguous land not taken as are the direct result of the taking of the right of way. Such damages, to be allowed, must be direct and proximate, and not possible, only. (*Chicago, Peoria and St. Louis Railway Co.* v. *Eaton,* 136 Ill. 9.) Nothing should be allowed for imaginative or

speculative damages, or such remote and inappreciable ones as the imagination can conjure up as liable to happen in the future. (*City of Lincoln* v. *Chicago and Alton Railroad Co.* 262 Ill. 11, and cases cited.) The evidence as to the danger to the owner or his stock in getting run over and killed should have been excluded. The evidence as to the view of the public highway from the house being obstructed by the railroad embankment should have been limited, as to damages, to the tract of land upon which the house was located. The court should have excluded the opinions of witnesses which included improper elements, or required that opinions permitted in evidence be based only on proper elements.

According to the evidence there were no buildings on either side of the three southerly tracts. The only buildings were on the northerly or 146-acre tract. As no damages were allowed to this last named tract, it is apparent that no damages were intended to be allowed by the jury for danger to buildings by fire, and there was no evidence tending to show that there was any special danger from fire to any other property than the buildings in question.

Situated as this land was, we cannot but believe from the verdict of the jury that they were misled by the testimony of the witnesses as to the speculative or remote damages to the land not taken.

As the cause must be reversed for the errors already referred to, it is unnecessary to discuss the question as to any error in the selection of the jury. That question will not arise on the next trial.

The judgment of the county court will be reversed and the cause remanded.

*Reversed and remanded.*