STATE OF INDIANA ETC. *v.* MONTGOMERY
CIRCUIT COURT ETC.

[No. 29,737. Filed April 22, 1959.]

*Edwin K. Steers,* Attorney General, *Selwyn F. Husted,* Special Counsel to Attorney General, *William H. Wehrle* and *Richard M. Givan,* Deputy Attorneys General, for petitioner.

*Howard A. Sommer, pro se.*

*Rochford, Blackwell & Rochford, Sidney A. Horn,* both of Indianapolis, *Parr, Parr & Parr, Schifres & Hollingsworth,* both of Lebanon, and *Frank N. Howard, Jr.,* of Crawfordsville, *Amicus Curiae.*

JACKSON, J.—This is an original action instituted by the State of Indiana, in its sovereign capacity, praying for a writ of mandate and prohibition, restricting and confining the respondent to its lawful jurisdiction in a certain highway condemnation suit originally filed in the Boone Circuit Court as Cause No. 20819, and subsequently venued to the Montgomery Circuit Court and docketed as Cause No. 32172, wherein the State of Indiana was plaintiff; and Noble Frank Denny and Gladys Mae Denny, husband and wife, Troy H. Haney, d/b/a Downey Dunker Shops, and Ernest Smith and Robert Holmes, operators of a drive-in and station, and Sinclair Refining Company, mortgagee, were the defendants.

On December 3, 1958, this court issued its temporary writ of mandate and prohibition, preventing and prohibiting the respondent from taking any further steps and proceeding further in Cause No. 32172A pending in said Montgomery Circuit Court, and further ordering the respondent to show cause on or before the 7th day of January, 1959, why the writ should not be made permanent and Cause No. 32172 in said court be tried as a single cause.

Thereafter on January 6, 1959, the respondent filed his answer to the rule to show cause, praying therein that the temporary writ of prohibition heretofore issued be dissolved. On January 16, 1959, a brief was filed by *Amicus Curiae* for Troy Haney in support of the respondent's answer.

The trial court relied on Acts 1935, ch. 76, §1, p. 228, being §3-1702, Burns' 1946 Replacement, for authority in separating this cause. The pertinent part of that statute reads as follows:

"Sixth. That such plaintiff has been unable to agree for the purchase of such lands or interest therein or other property or right with such owner, owners or guardians, as the case may be, or that such owner is insane or an infant, and has no legally appointed guardian, or is a nonresident of the state of Indiana. All parcels lying in the county, and required for the same public use, whether owned by the same parties or not, may be included in the same or separate proceedings at the option of the plaintiff; but the court or judge may consolidate or separate such proceedings to suit the convenience of parties and the ends of justice. The filing of such complaint shall constitute notice of such proceedings to all subsequent purchasers and persons taking encumbrances of the property, who shall be bound thereby."

The State contends that the above statute does not authorize separate proceedings for each person holding an interest in a particular parcel of land, but can only be construed to provide for separate proceedings for the owners of separate parcels lying within the area taken in a single project. In this proceeding the condemnation action was instituted against a single tract of land but against several different interests in said parcel. It appears from the record that the fee simple owners were Noble Frank Denny and Gladys Mae Denny, husband and wife, that Troy H. Haney, d/b/a Downey Dunker Shops, held a leasehold interest in said real estate, and that Sinclair Refining Company also held a leasehold interest in said real estate.

The issues in this case turn on the question as to whether or not the trial court has statutory authority to separate this proceedings. From an examination of the statutory authority upon which the court relied, the cases cited by the parties to this litigation and a careful reading of the briefs filed herein, we must come to the conclusion that the court had no stautory authority to so separate said cause of action. It is clear from the wording of the statute that the Legislature did not intend that the court separate the cause of action as to all the various *interests* that might appear in the various parcels of real estate, but only as to parcels.[1]

---

1. In the case of *Kohl* v. *United States* (1876), 91 U. S. 367 at pages 377-378, 23 L. Ed. 449 the Court said "The statute treats all the owners of a parcel as one party, and gives to them collectively a trial separate from the trial of the issues between the Government and the owners of other parcels. It hath this extent; no more. The court is not required to allow a separate trial to each owner of an estate or interest in each parcel, and no consideration of justice to those owners would be subserved by it."

For the purposes of condemnation proceedings, the value of all the interests or estates in a single parcel of land cannot exceed the value of the property as a whole, and that when the value of the property as a unit is paid to the various owners, or into

· The temporary writ of prohibition heretofore issued is made permanent; the respondent is prohibited from continuing in Cause No. 32172A and directed to proceed in Cause No. 32172 as a single cause of action.

Landis, C. J., Achor, Arterburn and Bobbitt, JJ., concur.

NOTE.—Reported in 157 N. E. 2d 577.

court for them, the constitutional requirements are fully met, and the fact that the owners of the various interests may not agree as to the apportionment among themselves of the sum awarded does not concern the condemnor.

The foregoing rule was approved also in the following cases: *State ex rel. McCaskill* v. *Hall* (1930), 325 Mo. 165, 28 S. W. 2d 80, 69 A. L. R. 1256; *Penna. R. R. Co.* v. *Nat. Docks Co.* (1894), 57 N. J. L. 86, 30 Atl. 183 (affirmed in 1894, 57 N. J. L. 457, 35 Atl. 1130); *Zimmerman* v. *Hudson & M. R. Co.* (1908), 76 N. J. L. 251, 71 Atl. 127; *Daab* v. *Hudson County Park Commission* (1908), 77 N. J. L. 36, 71 Atl. 51; *Herr* v. *Board of Education* (1912), 82 N. J. L. 610, 83 Atl. 173; *Wiggin* v. *New York etc. of New York* (1841), 9 Paige N. Y. 16; *Coutant* v. *Catlin* (1846), 2 Sandf. Ch. (N. Y.) 485; *Chicago, B. & Q. R. Co.* v. *Reisch & Bros.* (1910), 247 Ill. 350, 93 N. E. 383; *Chicago & N. W. Ry. Co.* v. *Miller* (1911), 251 Ill. 58, 95 N. E. 1027.