BLANCHE YETTER v. GLOUCESTER FERRY COMPANY.

Submitted March 20, 1908—Decided June 8, 1908.

1. A ferry company owes to its passengers not only the duty of providing a suitable landing place for their use, but also a sufficient means of access thereto and egress therefrom. It also owes to them the further duty of using reasonable care to keep its landing place, and the means it furnishes for ingress to and egress from it, in a safe condition.
2. Reasons in support of a motion for nonsuit, or for the direction of a verdict, which are not presented to the trial court for its consideration, will not be entertained by a court of review.

On error to the Camden Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and MINTURN.

For the plaintiff in error, *Frederick A. Rex.*

For the defendant in error, *Scovel & Boyle.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The writ of error in this case is sued out by the defendant below to review a judgment entered upon a verdict rendered against it for personal injuries received by the plaintiff under the following circumstances: The defendant is a ferry company operating a line of boats between Arch street wharf, in the city of Philadelphia, and a pier on the Jersey shore below the city of Camden, belonging to a corporation known as the Washington Park Company, and the shoreward end of which is located upon land included in the pleasure park of that corporation. Early in the evening of May 19th, 1906, the plaintiff took passage upon one of the defendant's boats at Arch street wharf, intending to spend the evening at Washington Park. When the boat reached the pier she disembarked with the other

passengers, and proceeded down it toward the park. Before reaching the shoreward end of the pier she fell over a loose plank which lay on the top of the flooring and received the injuries for which she brought suit.

The facts above recited having appeared in the plaintiff's case, a motion to nonsuit was made by the defendant upon the ground that its responsibility for her safety ceased as soon as she was landed upon the pier. This motion was refused. At the close of the whole testimony in the case a motion to direct a verdict for the defendant was made upon the same ground, and was also refused. Error is assigned on each of these refusals.

The refusal to nonsuit, or to direct a verdict, for the reason stated, was proper. In the case of *Delaware, Lackawanna and Western Railroad Co.* v. *Trautwein,* 23 *Vroom* 169, the Court of Errors and Appeals held that "the duty of a railroad company as a carrier of passengers does not end when the passenger is safely carried to the place of his destination. The company must also provide safe means of access to and from its station for the use of passengers." This rule, of course, applies to other common carriers of passengers, including ferry companies, as fully as it does to railroad companies. In 19 *Cyc.* 510 it is stated that a ferryman must maintain suitable landing places for the ingress and egress of passengers, and must use care to keep them in a reasonably safe condition. And the duty as to the safety of landing applies not only to the immediate means of getting on and off the boat, but requires the ferryman to use care to furnish safe passageways between the ferryhouse and the street. To the same effect is *Exton* v. *Central Railroad Co.,* 33 *Vroom* 7; *S. C. on error,* 34 *Id.* 356, where it was held that the defendant company was liable for injuries resulting to the plaintiff from the unsafe condition of a walkway outside of its ferryhouse which was provided by the company for the use of travelers on its ferryboat and railroad trains. The defendant company does not deny that this is the general rule, but contends that it is not applicable in the present case for the reason that the pier at which it discharged its passengers did not belong

to it, but to the Washington Park Company. The ownership of the pier, however, is immaterial, so far as the defendant's liability to the plaintiff is concerned. It was the landing place supplied by it to the plaintiff, and it owed to her the duty of using care to see that this landing place was safe for her use.

It is further contended here that even if the ground upon which the motions for nonsuit and the direction of a verdict were rested was untenable, they nevertheless should have prevailed, because the proofs in the case demonstrated that the plaintiff contributed by her own negligence to the accident for which she sued, and that for this reason the judgment under review should be reversed. But it is entirely settled that reasons in support of a nonsuit, or of a motion to direct a verdict, which were not brought to the attention of the lower tribunal, are not open for consideration in a court of review. *Trade Insurance Co.* v. *Barracliff,* 16 *Vroom* 543; *Ottawa Tribe* v. *Munter,* 31 *Id.* 459; *Zeliff* v. *North Jersey Street Railway Co.,* 40 *Id.* 541.

The judgment under review will be affirmed.