CHARLES F. HERR, DEFENDANT IN ERROR, v. THE BOARD OF EDUCATION OF NEWARK, PLAINTIFF IN ERROR.

Argued December 6, 1911—Decided April 26, 1912.

1. In condemnation proceedings, the proper issue for trial is the value of the land as a whole, regardless of any estates therein or of any liens thereon, or any easements or servitudes to which it may be subject.
2. The owner of a tract not taken by condemnation proceedings cannot be allowed for damages caused by the condemnation of land of another owner that is restricted by covenants for the benefit of the tract not taken.
3. Under the act of 1900 (*Comp. Stat., p.* 2182) regulating condemnation proceedings, the owner of any property right in the land sought to be condemned may appeal from the award of the commissioners.
4. Where the petition in condemnation proceedings makes parties the owners of land not taken who claim a right therein by reason of restrictive covenants in their favor, those owners may appeal.

On error to Essex Circuit Court.

For the defendant in error, *Riker & Riker.*

For the plaintiff in error, *Charles M. Myers.*

The opinion of the court was delivered by.

SWAYZE, J.   The board of education of Newark sought to condemn lands formerly owned by Paul Buchanan, and devised by him to his wife for life, with remainder to his daughter, subject to a power of sale in his executors. It made parties to the proceedings the defendants in error who were owners of land in the vicinity of the tract sought to be condemned, and it alleged that they might have a claim against the property by reason of restrictive covenants. The commissioners made an award to the executors of Buchanan, and awarded nothing to the defendants in error, who thereupon took an appeal. Separate issues were framed,

and separate judgments entered in favor of each. The principal argument was directed to the question whether the owners of land not a part of the tract actually taken, whose lands are benefited by restrictive covenants, are entitled to compensation when the land is condemned for a purpose which, when effectuated, will amount to a violation of the restrictive covenants. An important preliminary question is the proper procedure under the statute of 1900. *Comp. Stat.,* p. 2182. This is not left in doubt by our decisions. The question was thoroughly considered by this court in *Bright* v. *Platt,* 5 *Stew. Eq.* 362. In that case a railroad company, under a charter containing provisions for condemnation similar to those contained in the act of 1900, condemned land which was subject to a mortgage, but failed to make the mortgagee a party. An award was made to the mortgagors. Subsequently the amount of the award was paid into the Court of Chancery, and the mortgagors sought to obtain it for themselves upon the theory that the award having been made to them was for their interest only, and that the mortgagee had no interest therein. We held that the fund did not represent merely the estate of the mortgagors, but the whole value of the land; and we said that an interpretation of the act "which devolved upon these commissioners the duty of estimating the value of each particular interest in the land to be taken, would not only do violence to the language of the provisions, but would also impose upon these appraisers obligations which with their limited means of investigation, their want of knowledge of nice legal and equitable distinctions and their inability to settle authoritatively the rights of the parties, they could not conscientiously assume to discharge. Their simple duty is to ascertain what sum of money is an equivalent for the rights which the railroad company seeks to acquire, and the injuries it is to inflict by the construction and operation of its road." This decision has been consistently followed. In *Crane* v. *Elizabeth,* 9 *Stew. Eq.* 339, we held that the charter of Elizabeth which required compensation to be made to the owner or owners of the land did not require compensation to be made to mort-

gagees specifically. We used this language: "The action of the city authorities has thus the distinctive qualities of a proceeding *in rem,* a taking, not of the rights of designated persons in the thing needed, but of the thing itself, with a general monition to all persons having claims in the thing. When, by the appraisement of the commissioners, the price of the thing is fixed, that price stands instead of the thing appropriated, and represents all interests acquired. The legislature has not imposed upon the city officials the duty of searching out all these interests and assigning to each its just equivalent. It has contented itself with the simple direction that the fund shall be paid to him who is presumably entitled to it, the general owner of the land. Where no other claimant intervenes, that course will usually meet the ends of justice. But if, in any special case, this owner ought not, in equity, to receive the fund, the Court of Chancery will, at the instance of any interested complainant, take charge of its proper distribution, and so secure those particular equities which the generality of the statute has left without express protection." These cases establish the practice, and where a railroad company had paid the award into court, it was held that it was entitled to have the lien of the municipality for taxes discharged out of the fund, although the municipality had not been made a party to the condemnation proceedings. *In re Sleeper,* 17 *Dick. Ch. Rep.* 67. In *Zimmerman* v. *Hudson and Manhattan Railroad Co.,* 47 *Vroom* 251, a lessee sought to review the action of commissioners proceeding under the act of 1900, upon the ground that they erred in reporting the value of the property taken and the damages sustained by the taking in a lump sum, instead of making a separate award of the moneys to be paid to the applicant for his leasehold interest, and of the amount to be paid to Hill, the owner of the fee. But the Supreme Court held that the commissioners had followed the rule laid down in Bright *v.* Platt, and refused to review their action. In *Pennsylvania Railroad Co.* v. *National Docks, &c., Co.,* 28 *Id.* 86, the same rule was followed. In *Daab* v. *Hudson County Park Commission,* 48 *Id.* 36, the Supreme Court

held that section 7 of the act of 1900 did not authorize a separate action at law by a lessee for the value of his estate in the lands condemned; that an action to recover the amount of the award must be one suit only for the whole amount.

It cannot be said in this case that the proceeding was in effect a proceeding against the defendants in error to condemn their interests in the land. The petition was not framed in that aspect, but distinctly set forth that the defendants in error had a claim against the property sought to be acquired by reason of being owners of nearby restricted properties, or by reason of holding mortgages upon said properties. The proper issue, therefore, was the value of the Buchanan land as a whole, regardless of any estates therein or of any liens thereon, or any easements or servitudes to which it might be subjected. Whether or not the restrictive covenants operated to create equitable servitudes in the Buchanan land is not now in question. Separate issues were not justified to ascertain the separate damages of the owners of the nearby properties. "It is an established rule of law in proceedings for condemnation of land, that the just compensation which the landowner is entitled to receive for his lands and damages thereto must be limited to the tract, a portion of which is actually taken. The propriety of this rule is quite apparent. It is solely by virtue of his ownership of the tract invaded that the owner is entitled to incidental damages. His ownership of other lands is without legal significance." *Currie* v. *Waverly, &c., Railroad Co.,* 23 *Vroom* 391, 392. Although this language was not necessary to the decision of that case, it was subsequently approved by this court as a correct statement of the law. *Bergen Neck Railroad Co.* v. *Point Breeze Ferry and Improvement Co.,* 28 *Id.* 163, 191. It has not been shaken by the decision of *In re Lehigh Valley Railroad Co.,* 49 *Id.* 699. We there held that testimony which had been rejected by the trial court upon the ground that it related to damages to a separate tract was admissible, not to show the diminution of value of lands not taken, but to show that the

land taken had a greater value because an advantageous use could be made of it in connection with the other parcels. That rule cannot be applied to a case where the tracts belong to different owners. The trial judge in the present case allowed testimony that the use of the Buchanan tract for a school house would affect the value of the property of the defendants in error. This amounted to allowing the owner of a tract not taken to recover damages for the injury to that tract. It involved a very different question from the value of his property right, if such he had, by way of servitude, in the tract actually taken. The judgment must therefore be reversed.

Whether the reversal should result in a new trial upon a proper issue, or in a dismissal of the appeal depends upon the right of the appellant to review the award. Section 9 of the act permits an appeal by the petitioner, 'or owner of any of the land or other property. We think the language is broad enough to warrant an appeal by anyone who has been made a party as an owner of a property right in the land. Section 10 of the act recognizes that all parties who have appeared before the commissioners are entitled to notice of the appeal, and it logically follows that they may participate therein; otherwise the notice would serve no useful purpose. These provisions were obviously designed to give all parties interested a chance to review the action of the commissioners. If the word "owner" is limited to the owner of the bare legal estate, it may often happen that his interest is of the slightest possible value; the real party in interest may be a mortgagee holding a mortgage for the full value of the property, or a lessee having a term of years to come equal almost to a fee. In *Pennsylvania Railroad* v. *National Docks, &c., Co.*, 28 *Vroom* 86, the lessee was held to be the owner with whom the company must attempt to agree before beginning proceedings to condemn, and the judgment was affirmed by this court. *Id.* 457. If therefore the defendants in error were owners of a property right in the Buchanan lot, they had a right to appeal, and their appeal should not have been dismissed, but a proper issue should

have been framed, provided, of course, that notices had been given to the parties in interest as the statute requires. It was not incumbent upon the trial court to determine upon a preliminary motion to dismiss the appeal, whether or not the defendants in error were the owners of a property right in the Buchanan lot; it was enough that the record showed that they had been made parties as such. They were bound, of course, to make the owners of the fee parties to the appeal. The issue is the value of the land as a whole, and inasmuch as the amount to be finally received by the owners of the fee depends not only on the total amount but also upon the amount to be deducted for the value of any special interest of others in the land taken, the former are vitally interested. The case fails to show whether the owners of the fee were made parties to the appeal. The record must therefore be remitted for further proceedings in accordance with the views we have expressed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, JJ. 13.