20 N.J. Super. 272 (1952)
89 A.2d 720
IN THE MATTER OF THE APPLICATION OF THE BOARD OF EDUCATION OF THE BOROUGH OF LEONIA, A BODY CORPORATE AND POLITIC OF THE STATE OF NEW JERSEY, FOR LEAVE TO DEPOSIT AWARD INTO COURT.
Superior Court of New Jersey, Chancery Division.
Decided June 16, 1952.
*273 Mr. Herbert L. Smith, attorney for Charles F. Ryder and Rena H. Ryder.
Mr. Augustus S. Dreier, attorney for John H. Brangenberg and Viola M. Brangenberg.
GRIMSHAW, J.S.C.
The petitioners Brangenberg were the owners of lands in the Borough of Leonia which recently were acquired by the board of education of that borough by condemnation, for use as a playground. The award for the taking made by the commissioners was ordered paid into this court. Petitioners now seek payment to them.
Charles F. Ryder and Rena, his wife, the owners of a plot of land situated approximately 50 feet distant from the parcel condemned, seek to intervene for the purposes of having paid to them a portion of the award. The Brangenberg *274 property was restricted to use for residential purposes and as a result of its condemnation for use as a playground, the Ryders claim that they have been damaged.
The Ryder and Brangenberg lots were originally included in a large tract owned by the Leonia Heights Land Company. The lot now owned by Ryder was conveyed by the Land Company to one Platt, by deed dated April 18, 1925, and recorded May 20, 1925. The conveyance was made subject to the following restrictions:
"1. One family dwelling at least two stories high costing not less than $5,000. Said dwelling to be at least 15' from the westerly boundary line of the lot and at least 35' back from the street. Said restrictions not to apply to bay windows or overhangs, etc. Plans to be approved by the grantor.
2. To be used for dwelling purposes only and under no circumstances shall the premises be used for manufacturing or sale of intoxicating liquors or any kind of merchandise.
3. No stables shall be erected on the premises. Any outbuilding shall be at least 80 back from the street line.
4. No fence shall be erected on said premises which shall be nearer than 50' measured from the line of any street touching or bounding said premises.
5. Grantor has the right to erect poles, etc. for utilities along the rear line of premises conveyed."
The Platts conveyed the property to Peoples Trust Company of Bergen County. That company conveyed the plot to Charles F. Ryder and wife by deed dated December 30, 1936, and recorded January 7, 1937. The Brangenberg lot was conveyed by Leonia Heights Land Company to Ethel B. Miller by deed dated May 15, 1925, and recorded June 16, 1925. The conveyance to them was made subject to the following restrictions:
"1. Not more than one residence or dwelling house to be erected upon the lots conveyed for not more than two families at least two stories high and costing not less than $5,000. Such house to be at least 3' from the southerly boundary line of said lots and not less than 15' from the side street line and which shall be at least 20' back from the line of the street upon which said lots face. Not to apply to steps, piazzas, bay windows or overhangs of the house. Plans to be approved by the grantor.
*275 2. To be used for dwelling purposes only and under no circumstances shall the premises be used for manufacturing or sale of intoxicating liquors or any kind of merchandise.
3. No stables shall be erected on the premises. Any outbuilding shall be at least 25' back from the side street line.
4. No fence shall be erected on said premises which shall be nearer than 50' measured from the line of any street touching or bounding said premises.
5. Grantor has the right to erect poles, etc. for utilities along the rear line of premises conveyed."
Miller conveyed the property to Mazie Winn. Upon the death of Mazie Winn, Frederick J. Winn who inherited the property, conveyed it to the petitioners Brangenberg by deed dated June 5, 1950, and recorded June 7, 1950.
Assuming, for the sake of argument, that the use of the Brangenberg property as a playground is a violation of the restrictive covenant contained in the Brangenberg deed, I am unable to comprehend what claim the Ryders might have which would require their intervention in this proceeding. If, as seems to be the case, they allege damage to their property as a result of the violation of the covenant, that fact could not be considered in the condemnation proceeding and hence is not relevant here. Herr v. Board of Education, 82 N.J.L. 610 (E. & A. 1911).
No cause of action for damages would lie against Brangenberg, in any event, since he did not violate the covenant. And Ryder would have had no right of action in equity. The deed from Leonia Heights Land Company to Brangenberg's predecessor in title was subsequent to the deed to Ryder's predecessor in title. And it is settled in this State that only a subsequent grantee from the common owner may sue to enforce the restrictive covenant in the absence of proof of a neighborhood scheme of development. Roberts v. Scull, 58 N.J. Eq. 396 (Ch. 1899).
I am, therefore, of the opinion that there is no justification for the intervention of the Ryders in this proceeding and the motion to intervene will be denied. An order will be signed for the payment of the award of the condemnation commissioners to the Brangenbergs.