THE LEHIGH COAL AND NAVIGATION COMPANY

*v.*

THE CENTRAL RAILROAD COMPANY OF NEW JERSEY.

In 1872, certain lands covered by mortgages were condemned for the use of a railroad, without the mortgagees having been made parties thereto, and the entire amount of the award ($6,500) was paid to the mortgagor, who was then in possession. The railroad company afterwards became insolvent, and a receiver therefor was appointed by this court. When the mortgages were foreclosed, the receiver intervened in order that the decree of sale might provide for exhausting the other lands covered by the mortgages before resorting to those condemned, and it was so ordered. At the sale it was found necessary, in order to satisfy the mortgagees, to sell also the lands condemned, and they were bought by the mortgagees for $5,000. The receiver then instituted proceedings to condemn the lands anew, and on petition by the mortgagees to restrain such proceedings, and for the payment to them of the amount of the award of 1872, by the receiver,—*Held* (1) that the mortgagees had, by purchasing the lands, defeated the title of the railroad company thereto, and the fact that they had been the mortgagees of the premises gave them, after their foreclosure purchase, no other or better standing than any other purchaser, with reference to the condemnation proceedings and award of 1872. (2) That as the affairs of the company were now in the hands of the court for administration and management, and the court was not satisfied that the course proposed by the receiver was the best or most judicious one for obtaining title to the premises, the receiver should be directed to report, for the information of the court, his reasons for proceeding with a new condemnation.

On petition and answer.

*Mr. T. N. McCarter*, for petitioner.

*Mr. B. Williamson*, for respondent.

THE CHANCELLOR.

The petitioner, the Union National Bank of Rahway, applies for an order restraining the Central Railroad Company of New Jersey and the receiver thereof, from continuing proceed-

ings recently begun by the latter for the condemnation of certain land in his possession, and directing the payment to the bank of the amount awarded for the land in certain previous proceedings for condemnation. The claim to this relief is based on the following state of facts: The land in question was in 1872 part of a tract then owned by Moritz Pinner. The tract was then subject to certain mortgages thereon. In the spring of that year proceedings were taken by the Perth Amboy and Elizabeth Port Railroad Company to condemn the land in question, which resulted in an award made in March of that year of $6,565.35 for the value of the land and damages, and thereupon that company entered into possession and built its road on the land, which has ever since been occupied by it and its successor, the Central Railroad Company, which in 1873 was merged in and consolidated with it. In May, 1873, Pinner conveyed the land in question to the Perth Amboy and Elizabeth Port Railroad Company by deed. In subsequent foreclosure proceedings in this court, on one of the mortgages, a decree was made directing the sale of all the mortgaged premises ; but in such order, however, that all the rest of the premises was to be sold to pay the amount due on the mortgages before the railroad land, which was only to be sold in case of deficiency. At the sale under the execution, which took place November 1st, 1881, the rest of the property (it was bought by the bank) did not bring enough to satisfy the mortgages and the railroad land was then sold, and was bought by the bank at the price of $5,000. The sheriff, in pursuance of the sale, conveyed the whole property to the bank by deed dated November 14th, 1881. Shortly thereafter, the bank demanded of the receiver possession of the land held by him, but he refused to comply, and soon afterwards took steps to condemn it. The petition sets forth the fact that the then receiver of the Central Railroad Company intervened in the foreclosure proceedings for the purpose of obtaining such modification of the decree as to provide for the sale of the railroad land only in case of deficiency of the proceeds of the rest of the property to satisfy the mortgages, and the petitioner claims that thereby the rights of the company in the matter were submitted

to the adjudication of this court thereon. The petitioner states that it is satisfied with the award made in 1872, and claims that it should be paid over to it.

The mortgagees appear not to have been parties to the condemnation proceedings of 1872. The whole of the amount awarded was paid over to Pinner, who was then in possession. The bank is before the court as a purchaser of the land, and has the same and no other rights that any purchaser, not a mortgagee, would have. By the sheriff's sale the company lost its legal title to the land. The intervention by the receiver was merely for the purpose of securing a modification of the decree, in accordance with equity, to which, as a purchaser of the land from Pinner, the company was clearly entitled, and obviously any purchaser in the same situation would have been entitled to the same relief. This court has obtained no control over the subject thereby, which it would not have had without such intervention. The bank having now acquired title to the land, by purchase under the foreclosure sale, may ask this court to give it possession, and the receiver will be required to surrender the property unless he pays its value. That value may, in order to secure the rights of the company, in view of the fact that it took possession under proceedings in condemnation, and has built its road on the land, be fixed as of the time when it took possession. *N. H. C. R. R. Co.* v. *Booraem, 1 Stew. Eq. 450;* *Price* v. *Weehawken Ferry Co., 4 Stew. Eq. 31; N. Y. & G. L. R. R. Co.* v. *Stanley, 8 Stew. Eq. 283.*

The company may, indeed, abandon its claim equitable as well as legal, to the road, and in that case the value should be fixed as of the date of the sheriff's deed, and it may be ascertained by proceedings for condemnation, or in this court. The mortgagees were not affected by the former proceedings for condemnation, and it was therefore their right to have the land sold, if necessary, to pay their mortgages, but having sold the land, they obviously have no claim to the money awarded in those proceedings.

It is suggested that the principle of the decision in *Platt* v. *Bright, 4 Stew. Eq. 81,* is applicable. In that case, indeed, the claim

of the mortgagee to money awarded in condemnation proceedings to which he was not a party was recognized; but the money had not been paid over to the owner of the equity of redemption, but had been paid into court on application of the mortgagee. It was held that the latter was entitled to deal with the condemnation proceedings as a conversion of so much of the mortgaged premises as was taken, and that under the circumstances equity required him to do so, and that he was under no necessity of having recourse to the mortgaged premises. Here the mortgagees have had recourse to the mortgaged premises, and have sold them for the payment of their mortgage claims. The receiver is not before me, asking for relief. He is proceeding to obtain a valuation, according to law, by condemning the land as the property of the bank, thus recognizing the bank's legal title to it. Were the affairs of the company in its own hands, I would, for the reasons above given, dismiss the petition, but they are not. They are in the hands of this court for administration, and I am not satisfied that the course which the receiver proposes to pursue, in this matter, is for the interest of the company. That subject was not discussed on the hearing of this matter, and I require further information on the subject. The receiver will therefore report to me his reasons for proceeding to a new condemnation, and the final decision of this application will be reserved until after his report shall have come in.