# The Board of Chosen Freeholders of the County of Hudson

*v.*

## Louis Emmerich et al.

[Submitted May 28th, 1898.   Decided December 31st, 1898.]

1. Constitution, article 1, paragraph 16, provides that damages given on condemnation for public roads are to be fixed by the legislature, and *P. L. of 1888 p. 400 § 6* limits the award to the value of the land, and damages to the remaining land of the owner, after considering the benefits; and where a single assessment is made for all the owners and persons interested in any lot, the award is limited to the damages done to the fee-simple.—*Held*, to exclude an allowance for injury to business conducted on condemned premises.

2. Where land condemned for a highway was leased for its full value, a mortgagee of the leasehold is not entitled to claim any portion of the award, as representing the value of the leasehold interest.

3. Where a course condemned for a public road runs through leased buildings, so as to require them to be removed or torn down, the tenant is entitled, after the condemned portion is occupied, to consider the premises untenantable, within the terms of the lease, providing that, in case the buildings are rendered untenantable, he shall not be liable for rent, but may surrender the premises.

On petition, &c., and exceptions to master's report.

*Mr. William C. Heppenheimer,* for the exceptant.

*Messrs. Corbin & Corbin.* for Emmerich.

Emery, V. C.

In this case the petitioners, the board of freeholders, condemned for a county road a portion of certain premises which were owned by Emmerich and leased to one Distler.   Distler carried on the business of a saloon on the demised premises, and also occupied in connection therewith a park property, adjoining or near the premises leased from Emmerich and belonging to

other parties. Distler's lease was for five years from May, 1893, at the rental of $35 per month. In September, 1894, Distler gave to the exceptant, the F. & M. Schaefer Brewing Company, a mortgage upon his leasehold interest and upon his goods and chattels, to secure the sum of $1,000 with interest. This mortgage is still due, less the sum of $105 realized by a sale of the mortgaged chattels on October 12th, 1897. The award was made in the condemnation proceedings on January 9th, 1896, and an award in gross of the sum of $2,734 was made to the owners and persons interested in the lands in full for their compensation for the value of the land and damages. No separate assessments of the damages to the landlord and tenant were made in the condemnation proceedings, and the whole fund was, under the statute (*P. L. of 1888 p. 404*), paid into this court to be distributed according to law. The special master to whom the matter of the distribution of the fund in court was referred, on the exceptant's petition, has reported that the owner, Emmerich, is entitled to the whole of the fund, and that the claim of the mortgagee to any of the funds denied, because the leasehold interest had no value. Upon exceptions the mortgagee claims a right to a portion of the fund upon three grounds—*first*, because the tenant sustained a loss in his business by reason of the laying out of the road over a portion of the property, and he is entitled to damages on that account; *second*, that the leasehold was an interest of large value, and that the tenant is entitled to receive the value of the leasehold interest, the amount to be settled by the court; *third*, that the tenant is entitled to receive from the fund the rent for the premises from the time when the county notified the occupants to remove the buildings (May, 1896) to the termination of the lease (May, 1898).

As to the first ground, the general rule, as settled by the best authorities, is that injury to a business carried on upon the premises, either by the landlord or tenant, is not a proper element of damage. *Lew. Em. Dom.* § *487*, and cases cited. And while no reported cases in our own courts have been referred to, this rule, as I understand, has always been applied in this state. Whatever may be the rule in other condemnations, the damages

to be given on the condemnation for public roads are, under our constitution, such as are fixed by the legislature.  *Const. art. 1 ¶ 16; Crane* v. *Elizabeth, 9 Stew. Eq. 339 (Errors and Appeals, 1882).*  In this case the award is by the act clearly limited to the value of the land and damages to the remaining land of the owner after considering the benefits (*P. L. of 1888 p. 40 § 6*), and the damages are limited to the damages done to the fee-simple, where a single assessment is made for all the owners and persons interested in any lot.  This statute, as it seems to me, clearly excludes any allowance for injury to the business carried on, on the premises taken, and cannot by construction be extended to such damages.

As to the second claim made by the mortgagee of the leasehold, viz., that the leasehold interest itself was of large value, I reach the same conclusion upon the evidence as that reached by the master.  The weight of evidence shows that the land was leased to Distler for its full value, and he is not entitled to any portion of the award as representing the value of the leasehold interest.

The third claim is based on the tenant's right to a portion of the award, as representing the damages which he sustains by the condemnation, in that he was thereafter obliged by his lease to pay the full rent reserved, and by the condemnation of a portion of the buildings he has been deprived of the beneficial use of the premises, either wholly or in part.  The public road, as laid out, ran through the buildings leased, and, as the owner (Emmerich) says, required the removal of the house and the tearing down of the other building.  This change of the leasehold property was, in my judgment, such as to entitle the tenant to consider it as making the premises which were leased untenantable and unfit for occupancy as soon as the property was actually taken, under the statute.  The lease expressly provides that in case the buildings on the premises be destroyed or be so injured by the elements *or any other cause* as to be untenantable and unfit for occupancy, the tenant shall not be liable for rent, but may quit and surrender the premises.  Not being obliged to occupy any of the premises, therefore, after the occu-

pation of the portion thereof condemned by the public authorities, or to pay rent, no damage by way of abatement or apportionment of the rent after the award can be allowed on this account. The award in court must now be distributed according to the rights and obligations of the parties, landlord and tenant, as they existed at the time of the award. Under the statute, the county, after the award, could take possession at any time on tendering or paying into court the award (without interest), but until such payment it had no right to enter into possession or interfere with the possession of the tenant. The tenant's possession subsequent to the award was still a possession, which, as between him and the landlord, was under the lease and subject to its payment of rent. This possession of the whole premises under the lease (subject to the right of the tenant to terminate it, under the lease, when the portion condemned was actually taken) continued until October, 1897, and the county then taking possession, the premises were surrendered, and the tenant's obligation to pay rent ceased by the terms of the lease. Upon this third claim, therefore, I reach the conclusion that the tenant was not, under the lease, obliged to pay any rent for any of the premises after the payment into court and the occupation by the county of the portion condemned, and that until such occupation the tenant had the right to occupy the entire premises leased, but only upon payment of the rent reserved. No allowance out of the award of the tenant (or his mortgagee) can be made by reason of these payments of rent subsequent to the award, as they must be considered as payments made under the lease as the price agreed on between the parties for the actual occupation of the premises, which still continued under the lease, notwithstanding the award, until the subsequent payment of the award into court.

The exceptions are therefore overruled.