In the matter of the acquisition of lands of LIZZIE A. and GEORGE W. SLEEPER by the Central Railroad Company of New Jersey by condemnation proceedings.

[Submitted June 10th, 1901. Decided June 20th, 1901.
Filed September 3d, 1901.]

A railroad company acquiring land by condemnation, and paying the award of the commissioners into court, is entitled to have all liens on the land, including liens for taxes, paid out of such fund, though the lienors are not parties to the proceedings.

On motion to pay out moneys.

In this case the Central Railroad Company of New Jersey took proceedings to acquire title to certain lands belonging to Mrs. Sleeper and her husband, with the result that after an award of commissioners an appeal was taken and the jury found the value of the lands, with damages, to be $1,850. The railroad company did not make any persons parties to its proceedings except Mr. and Mrs. Sleeper. It, however, became aware that there were certain taxes assessed by the city of Jersey City that were in arrear and a lien upon the premises, and being advised that the award of commissioners and verdict included the whole value of the lands free of encumbrance, and that the taxes were an encumbrance, paid the money into court

under the eighth section of the act of March 20th, 1900. *P. L. of 1900 p. 79* (at *p. 82*). Application was thereupon made on behalf of Mr. and Mrs. Sleeper to have the whole of said sum of money paid out to them. This motion was resisted by the railroad company and by the mayor and aldermen of Jersey City.

By its answer the municipal corporation sets up taxes amounting, with interest, on the 20th of May, to $263.33, which were a lien upon the premises.

*Mr. George T. Werts,* for Mr. and Mrs. Sleeper.

*Mr. William A. Barkalow,* for the Central Railroad Company.

*Mr. John W. Queen,* for Jersey City.

PITNEY, V. C.

Counsel for the railroad company and for the city both insist that there is no difference, for present purposes, between a lien for taxes and a mortgage or judgment lien, and that the amount awarded by commissioners or by the verdict of a jury on appeal represents the whole value of the land without any deduction for liens of any sort.

On the other hand, counsel on behalf of the Sleepers claims that the contention of the other side, if acceded to, results in the adoption of a new mode of collecting taxes not recognized by law, and that the city is confined to its statutory remedy of selling the land to pay the taxes.

I think the latter argument not sound. The question is whether the Central Railroad Company is not in law entitled to have all liens upon the land paid out of this fund. If it had made the city a party to the condemnation proceedings there would have been, as it seems to me, no doubt about its right in that respect, and that right would have been fully protected by such action. But it also seems to me quite clear that the eighth section of the act above cited provides a method by which the condemning corporation may, without first searching for lienors and making them parties, have all liens upon the land

paid out of the fund by paying it into court and giving notice to those parties of such payment.

The question, then, comes to this: is there any essential difference between the lien of taxes upon land and the lien of a mortgage or judgment? For it is abundantly established by authority in this state that, in a case like this, an award is presumed to include the whole value of the land, free of encumbrance, and that the mortgagee or other lienor is entitled to be paid out of the fund, and the party acquiring the land by condemnation proceedings is entitled to have such payment made out of the fund in exoneration of the land acquired. The leading case is *Platt* v. *Bright, 4 Stew. Eq. 81,* and, on appeal, *5 Stew. Eq. 362.* And see *Gray* v. *Case, 6 Dick. Ch. Rep. 426.* I think there can be no doubt that the lien for taxes stands on the same ground as other liens. This seems to be the well-settled practice in New Jersey and is illustrated in the recent case of *Burnet* v. *Dean, 15 Dick. Ch. Rep. 9; on appeal, 49 Atl. Rep. 503,* which was a foreclosure of a mortgage, and the municipality of South Orange was made a party by reason of its claim of lien for taxes and set up its claim by answer, and it was adjudicated upon and a decree made for certain taxes, giving them precedence over the complainant's mortgage.

I will advise a decree accordingly.