In condemnation proceedings instituted by the board of chosen freeholders of Essex county, the commissioners awarded to the complainant, his mother and two sisters, individually and as executors of the estate of his father, Ludwig Schill, deceased, $60,000, for their land Nos. 31, 33 and 35 Thirteenth avenue, Newark. The fee is in the children, dower in the mother, and the executors have power of sale. The complainant carries on the photographic business on the studio floor of No. 31 Thirteenth avenue, formerly conducted by his father, and given to him by his father's will, which also gives him the right of occupancy of the studio floor, until the property is sold, at the rental prevailing in the father's death.
The gravamen of the complaint is, that no separate award was made to the complainant for damages to his business and *Page 470 
right of occupancy, which he estimates at $15,000, and that the board of chosen freeholders may pay the award into court and take possession of the land, which they threaten to do, before a verdict of a jury can be had on an appeal which has been taken to the circuit court. The prayer is that the board be restrained from taking possession. There was a preliminary restraint, which should not have been granted, and the board now moves to dissolve it and to dismiss the bill for want of equity.
The complainant is not entitled to a separate award. Upon an award of a sum, the equivalent of the value of the land and the damage, and its tender or payment into court, possession may be taken (Comp. Stat. p. 2184), and if the complainant has any particular estate or interest in the land for which he is entitled to special compensation, it must be made to him out of the general award. The rule is settled in this state. Bright v.Platt, 32 N.J. Eq. 362; Crane v. Elizabeth, 36 N.J. Eq. 339;Zimmerman v. H. M.R.R. Co., 76 N.J. Law 251; Herr v. Boardof Education, 82 N.J. Law 610. Whether the complainant is entitled to specific compensation for peculiar loss or damage must be decided on motion for distribution of the sum paid into court.
Whether he is entitled to damage for injury to his business. See Board of Freeholders v. Emmerich, 57 N.J. Eq. 535;Philadelphia and Camden Ferry Co. v. Inter-City L.R.R. Co.,76 N.J. Law 50.
The right of the county to take possession of the land without first making compensation has not been mooted.
 The restraint will be dissolved and bill dismissed. *Page 471