The board of chosen freeholders of Essex county condemned the complainant's property for public use and paid the award into court. Instead of filing a petition in the original cause, as is the usual and correct practice, the complainant filed this bill to obtain the money and have determined how much should be allowed Louisa Powell, lessee of the premises under a three-year lease expiring July 1st, 1926, with an option for an additional two years, which option was to be deemed exercised if the tenant remained in possession after July 1st, 1926, and it was stipulated "in such event this memorandum shall be deemed to be a lease." The lessee occupied the building as a boarding-house and vacated the premises June 15th, 1925, after the award was made, but before it was paid into court, on July 14th, 1925. *Page 526 
It is conceded in complainant's brief that the value of the lease for the unexpired term, from July 1st, 1925, to July 1st, 1926, is $25 a month, and that the lessee is entitled to $300 damages. The question is what amount, if any, is she entitled to for the two years' option. The complainant contends that she is not entitled to any because she abandoned the premises before the county paid the award and took possession. The fact is that she vacated under pressure of the condemnation proceedings and the threatened destruction of the building, which followed shortly after she moved. She lost none of her legal rights nor was she relieved of her legal obligation under her lease by doing in advance what eventually she would have been compelled to do. She continued liable for the rent until the constructive eviction by the payment of the award into court. The lessee is entitled to compensation for the value of her lease for the unexpired term, plus the sum that the value of the option adds to the value of the lease for the unexpired term. In a practical sense the value of the unexpired term, plus the value of the option term, as though it were part of the leased term. The courts have adopted both the technical and the simple measure. In re William Anthony Sts. (New York), 19 Wend, 678; Niederstein v.Cusick, 110 N.Y. Supp. 287; affirmed, 195 N.Y. 594; NorthPennsylvania Railroad Co. v. Davis Leed, 26 Pa. St. 238.
Under the proofs and admissions the added value of the option term is $300 per year. The allowance will be for the unexpired term from the time of the fictional eviction, July 14th, 1925, $287.50, and the value of the option term, $600. The present value of the total at six per cent. will be calculated according to the rule laid down in Holcombe v. Trenton White City Co.,80 N.J. Eq. 122, and paid to the lessee. The unpaid rent from June 1st to the eviction will be deducted. *Page 527