ARTHUR BRISBANE, respondent,

*v.*

JAMES A. SULLIVAN and ELLA J. SULLIVAN, appellants.

In the matter of the application of the MAYOR and ALDER-MEN OF JERSEY CITY, to acquire certain property for the purpose of widening Bergen avenue, &c.

[Argued October term, 1930.   Decided May 18th, 1931.]

*Messrs. Perkins & Drewen,* for the appellants.

*Mr. Robert H. McCarter, Mr. Saul Cohen, Mr. Joseph E. Cohn* and *Mr. Mark A. Sullivan,* for the respondents.

The opinion of the court was delivered by

LLOYD, J.

The controversy in these cases arises over the proper distribution of the fund paid into the court of chancery upon a condemnation of real property by the city of Jersey City.

Several claims were made on the fund, but four of which, however, appear to have been in dispute. The Sullivans, James A. and Ella J. (his sister), claimed the entire fund subject to certain assignments of portions of the same to Randolph Perkins and to Tracey & Milton, and Brisbane claimed to hold the Sullivan interests by assignment of a contract of sale entered into between James A. Sullivan and Bennett Milnor in 1910 by virtue of assignment of that agreement from Milnor. Perkins claimed under assignment from James A. Sullivan, and Grace Kastenhuber and Ruth Youman claimed to hold a remainder interest after the death of their mother, Dora Kastenhuber.

The court below, on the advice of a vice-chancellor, decreed that the Sullivans had an estate for the lifetime of Dora Kastenhuber, and that this interest had passed by the assignment of the agreement of sale mentioned to Brisbane, and that Brisbane was entitled to the income from the fund until the death of Dora Kastenhuber, subject to the payment by him of such sum as should be found due to Sullivan under the agreement of 1910; that Ruth Youman and Grace Kastenhuber had a vested remainder after the expiration of the life estate; and that the assignment by Sullivan to Perkins was subordinate to the interests of Brisbane, Ruth Youman and Grace Kastenhuber. The court also decreed the payment of a fee of $5,000 out of the fund to the solicitor of the Kastenhuber children, Grace Kastenhuber and Ruth Youman. The claim of Randolph Perkins as assignee of Sullivan was disallowed. From the decree appeals have been taken by the Sullivans and by Perkins.

First as to the Sullivan appeal: In this appeal it is contended that the court erred in holding that the Sullivans had but an estate for the life of Dora Kastenhuber; in holding that Brisbane was entitled to the income by virtue of the assignment from Sullivan, and in awarding a counsel fee of $5,000 to be paid out of the principal of the fund to counsel for Grace Kastenhuber and Ruth Youman.

Although as between the Sullivans and Brisbane, the controversy here is over such interest as these contestants may

have in the fund, it involves in reality a question of specific performance at the instance of Brisbane of the sale agreement made in 1910, and viewed in this aspect involves a long period of repeated and protracted litigation on the part of Brisbane to enforce some right under this agreement.

The agreement between Sullivan and Milnor was made July 19th, 1910, and assigned by Milnor to Brisbane August 24th, 1910. The agreement not being performed, Brisbane in February, 1911, filed a bill in chancery for the specific performance of the contract, with abatement of the contract price because of the limited estate (for the life of Dora Kastenhuber) which the grantor could convey. Successful in the court below, the decree in favor of Brisbane was reversed six years later. 86 *N. J. Eq.* 411. Mr. Justice Bergen, speaking for this court in that case said:

"In the case under review, the defendant Sullivan, supposing in good faith that he had a title in fee-simple, subject to a mortgage of $2,000, agreed, in writing, to convey such a title, and the purchaser, claiming that the title was defective because of imperfections alleged to exist in the tax sale proceedings, at first refused to accept the title until the defect was removed, but, this not being done, he filed his bill for the specific performance of a contract which he knew when the bill was filed could not be performed in a material part if his claim concerning the tax sale was correct. * * * The wrong that the defendant suffers is that by this substituted contract he is required to convey his property for a price fixed with reference to an estate which may be hereafter, in a direct proceeding between proper parties, established to be greater than that upon which it is based, thus allowing complainant to acquire an estate for which he has paid no compensation to the injury of the defendants. We are of opinion that under the circumstances present in this case we cannot do equity to all of the parties by decreeing specific performance of the substituted contract with compensation."

The decree was reversed with directions to the court of chancery to dismiss the bill, and this was done.

In December, 1918, a second bill was filed by Brisbane

adding remaindermen as additional parties and praying substantially the same relief. Vice-Chancellor Griffin, who heard the case, filed an opinion (*93 N. J. Eq. 578*), holding that the added parties were strangers to the contract, were not proper parties, and that the dismissal of the earlier bill in accordance with the opinion of this court was *res adjudicata* of the then present proceeding, and thereupon a decree of dismissal was made. From this decree of dismissal no appeal has been taken.

With the conclusion reached by Vice-Chancellor Griffin in that case we fully agree, and it is unnecessary to consider the further efforts of Brisbane to effect an enforcement of the contract in subsequent litigation in which he prays to have the court decree a conveyance of such interest as the vendor has upon the payment of the full contract price, except to say that it is not only foreclosed by the litigation already recited, but that the long delay in presenting to the court the only valid prayer available on the facts as they appeared and were known to Brisbane, constituted such laches as should preclude its entertainment either on a bill to that end or in a claim upon the fund arising under the condemnation proceedings.

We agree with the conclusion reached by the vice-chancellor in the present case that the Sullivans never had more than an estate for the life of Dora Kastenhuber and that the remainder is vested in Grace Kastenhuber and Ruth Youman, and that for the reasons expressed in the opinion filed by him.

From what has been said it is apparent that the decree was erroneous in so far as it denied the claim of Perkins by virtue of the assignment of James A. Sullivan, Sullivan being entitled to the life interest and the assignment not being disputed. Perkins is entitled to be paid from the income accrued and to accrue from the *corpus* of the fund.

We think there was also error in directing that the whole of the fee of $5,000, which as to amount does not seem to be in controversy, be paid out of the principal of the fund, and that the decree in this respect should be modified to the effect that one-half only of said fee should be made a charge upon the fund.

The record is remanded to the court of chancery with direction to enter a decree in accordance with the views expressed in this opinion.

No. 71—Brisbane v. Sullivan.
*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

No. 72—In re Mayor, &c., v. Jersey City.
*For affirmance*—None.

*For modification*—THE CHIEF-JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.