The facts appear sufficiently in the Chancery opinion. The points presented here by the appellant are that Chancery should not have adjudicated the issues summarily, and that even on that method of hearing the appellant should have prevailed. Our consideration of the case leads us to the conclusion that the Vice-Chancellor was correct in his appraisal of the facts and in the application of the law to the meritorious issue. We affirm for the reasons stated by him. The petition by the Reliable Improvement Company was filed in, and was entitled in, an existing cause, namely, "In the Matter of the Application of the State Highway Commissioner of the State of New Jersey for the payment of certain moneys into the Court of Chancery for the taking for public use of lands of Reliable Improvement Company, a corporation of New Jersey." The reply affidavit and exhibits were so entitled. So was the opinion and the order of distribution. Likewise, the notice of appeal to this court and a stipulation here between counsel. There seems to have been a complete recognition, and acceptance, of the proceedings to get distribution as an incident to the existing statutory proceeding,R.S. 27:7-22; R.S. 20:1-15, whereby the funds had been deposited in Chancery. The statute, R.S. 20:1-15, directs that the money, when paid into Chancery by order of the Chancellor, shall there be distributed according to law on the "application" of any person interested therein. Appellant does not take its stand against the procedure by petition. What it complains of is that the matter was decided without plenary hearing, and its difficulty in that respect is that it presented no grounded dispute upon which an issue could be framed for factual controversy. Its own letters and indeed its own exhibits serve only to emphasize that, with knowledge of the purposes and impending acts of the Highway Commissioner with regard to the lands, it had parried with evasions and excuses, none of which assumed the knowledge just stated, the efforts of the vendor to close title; efforts that *Page 78 
included the making of time an essential element, OrangeSociety v. Konski, 94 N.J. Eq. 632; 95 N.J. Eq. 254, cited in the opinion below. The law was correctly applied to the facts, and the controlling facts were not controverted either by proof or contention.
It was, we think, fairly within the legislative expression that the proceeding to distribute might be instituted by petition under the general coverage of the proceeding by which the deposit was effected. Even so, appellant would have been entitled to have its issue tried out if it had presented one. But there seems to have been no factual controversy to litigate. The case is sharply distinguishable from Lazarus v. Home Building and LoanAssociation, 133 N.J. Eq. 367. Where there is no factual controversy, long established practice in such cases runs against appellant's contention.
The order under appeal will be affirmed.
For affirmance — PARKER, CASE, BODINE, PORTER, COLIE, DEAR, WELLS, HAGUE, JJ. 8.
For reversal — THE CHIEF-JUSTICE, DONGES, HEHER, PERSKIE, RAFFERTY, JJ. 5. *Page 79