16 N.J. Super. 444 (1951)
84 A.2d 762
KOOLVENT ALUMINUM AWNING CO. OF N.J., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
JOHN SPERLING, T/A PARK DRUGS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 26, 1951.
Decided December 5, 1951.
*445 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. George Warren argued the cause for appellant.
Mr. Stanley W. Greenfield argued the cause for respondent (Mr. Harry L. Jaffe, attorney).
*446 The opinion of the court was delivered PER CURIAM.
Information concerning the underlying factual elements of this action is derived from the recital of the testimony of the witnesses by the Union County District Court judge before whom the case was tried and from the accompanying exhibits.
On June 7, 1950, the plaintiff and the defendant entered into an agreement evidenced by a written memorandum pursuant to the terms of which the plaintiff covenanted to manufacture and deliver to the business premises of the defendant at No. 1732 St. George Avenue, Linden, New Jersey, an awning for the purchase price of $214, of which $14 was paid by the defendant on account.
Embodied in the memorandum is the following notation: "Must have in 2 weeks. Rush." On June 30, 1950, the awning while being transported from Trenton to Linden for delivery to the defendant was destroyed by a fire for which no fault was attributable to the plaintiff. The plaintiff's endeavor to deliver to the defendant a refabrication of the specified awning on July 20, 1950, was declined by the defendant for the reason that the awning was not delivered to him within the period of two weeks as required by the agreement.
Although the memorandum contained the provision that the "contractor shall not be liable for delays caused by strikes, weather conditions, or other causes beyond his control," it is conceded that delivery of the awning was not undertaken by the plaintiff until June 30, 1950, when the fire occurred.
It is therefore obvious that the pivotal question in this controversy was whether it was the intention of the parties that the delivery of the awning to the defendant within the period of two weeks was to be of the essence of the agreement.
The plaintiff alleged a breach of the agreement by the defendant. The defendant by way of counterclaim sought the recovery of damages from the plaintiff. The judgment exonerated the defendant from the alleged liability and awarded to the defendant the amount of his initial payment.
*447 In his conclusions the trial judge stated: "From the testimony in this case the court is satisfied that the defendant intended to make time of the essence as expressed in the language of the contract as above indicated and that this intention was made known to and accepted by the agent of the plaintiff corporation."
Although we are now empowered to review the evidence relating to the facts in these cases, particularly where the controversial issue is essentially factual, and make our own independent findings, we are not disposed on appeal to overthrow the conclusions of the trier of the facts unless it is our conviction that such conclusions are so manifestly unsupported by or discordant with the competent, relevant and reasonably credible evidence as to offend the interests of justice.
In the present case the inquiry of the trial judge was not confined to the interpretation and intended import of the mere designation of a date for the delivery of the awning. It must be acknowledged that where the parties have expressly stipulated that the time for the performance of their mutual undertaking shall be an intrinsic, essential and vital term of their compact, a lack of the specified punctuality is ordinarily fatal to the contractual rights of the delinquent party. In order to constitute time of performance the essence of a written contract, it is not necessary so to declare it literally.
Here plainly and boldly written in the memorandum of the agreement appears the expression: "Must have in 2 weeks." Undoubtedly the trial judge ascribed notable significance to the use of the word "must." It bespeaks obligation, necessity. "Have" means to obtain possession. Additionally there was testimony that the defendant needed the awning to protect his supply of candy from the rays of the summer sun.
Assuredly, the initial effectiveness of a contractual provision declaring time to be of the essence may be subsequently waived, and the intention to annul it may be disclosed by the conduct of the parties. The letters of the *448 defendant which were introduced in evidence reaffirm his rescission of the agreement and suggest in a spirit of conciliation the substitution of another agreement for the purchase of an awning to be delivered on May 15 of the following year. The plaintiff rejected his proposal. The trial judge properly decided that the defendant's communications did not supply evidence of a waiver of the provision contained in the agreement.
We are of the opinion that upon all of the evidence the trial judge could have, as he did, reasonably conclude that time was an essential term and condition of the agreement and was so contemplated by the parties.
The judgment is accordingly affirmed.