210 N.J. Super. 236 (1985)
509 A.2d 310
STATE OF NEW JERSEY, BY COMMISSIONER OF TRANSPORTATION, PLAINTIFF,
v.
JAN-MAR INC., ET ALS, DEFENDANT.
Superior Court of New Jersey, Law Division Monmouth County.
Decided December 9, 1985.
*237 Peter A. Valenti, Deputy Atty. Gen., for State (Commissioner of Transportation). Bruce P. Fromer, for defendant Jan-Mar Inc. (Karasic, Stone & Susser, attorneys). S. David *238 Brandt, for defendant Mobil Oil Corp. (Brandt, Haughey, Penberthy, Lewis, & Hyland, attorneys).
MILBERG, A.J.S.C.
This condemnation action presents a novel question of law to the court: To what extent, if any, may a tenant who holds an option to purchase the leased premises participate in condemnation proceedings involving the taking of the owner's property? The answer to this question will determine whether the tenant may appear before condemnation commissioners, with a right of appeal to the trial court, or is relegated to participation only in the allocation proceedings under R. 4:73-9(b).
On August 13, 1985, the State commenced the instant condemnation action for the purpose of acquiring certain property, totaling 0.540 acre, for the use of the Department of Transportation and, more particularly, New Jersey Transit Corporation.
The subject property is located at the southwesterly corner of Morris and Third Avenues in the City of Long Branch, County of Monmouth, and is known as Lot 1B, Block 188, on the tax map of the City of Long Branch. It is further designated as Parcel 197 on the "New Jersey Transit Corporation General Property Parcel Map, North Jersey Coast Line".
On August 27, 1985, the State filed a declaration of taking asserting that it had duly exercised its power of eminent domain and was entitled to possession of the subject premises. Thereupon, the State deposited into court the sum of $215,000, the amount of compensation offered for the parcel.
At the time of the taking, the record owner of the premises was Jan-Mar, Inc. (hereinafter referred to as "Jan-Mar"), a corporation of the State of New Jersey. Mobil Oil Corporation (hereinafter "Mobil"), a New York Corporation, occupied a portion of the premises as a tenant of Jan-Mar by virtue of a lease dated August 2, 1955, and amended in 1956. Mobil operated a gasoline station on its leasehold portion of the premises.
*239 The original term of the lease, as amended, ran for 15 years, commencing November 1, 1956, and ending October 3, 1971; the original rental obligation was $385 per month. Paragraph 6 of the lease granted Mobil options for three successive renewals, each renewal period to run five years. Each option was duly excercised and, up to the time of the taking, Mobil was paying a reduced monthly rent of $300 under the lease as extended.
Paragraph 7 of the lease granted Mobil an option to purchase the leasehold premises for the sum of $60,000. As of the date of the State's taking, this option remained unexercised. It is upon this option, however, that Mobil bases the rights it asserts herein.
On November 8, 1985, counsel for the State, Jan-Mar, and Mobil appeared before the court upon the State's application for an appointment of commissioners. Also before the court at that time were two motions made on behalf of Mobil: one was for an Order permitting Mobil to participate in the condemnation proceedings "in the same manner as any owner of property"; the other was for an Order dismissing the complaint in condemnation for failure of the State to provide Mobil with a copy of the appraisal upon which the offered compensation was based.
Following a review of the briefs submitted, and after oral argument was heard on the respective applications, the Court reserved decision pending supplemental briefing by counsel. Hence, this decision.

I
Fundamental to Mobil's asserted standing in these proceedings is the notion that its option to purchase the leasehold premises, coupled with the leasehold interest itself, entitles it to more than an allocation hearing under R. 4:73-9(b) following an ultimate award to Jan-Mar.
*240 The State and Jan-Mar contend that, under the Supreme Court's holding in State v. New Jersey Zinc Co., 40 N.J. 560 (1963), Mobil lacks standing to participate in the condemnation proceedings. In New Jersey Zinc, the Court held that an option does not create an interest in land and, unless the option is exercised, the optionee has no standing to intervene in a condemnation proceeding or to share in an award. New Jersey Zinc, 40 N.J. at 576-577.
Although the holding in New Jersey Zinc has stood firm for over 20 years, Mobil seizes upon the separate opinion of Judge Conford (P.J.A.D., temporarily assigned) in State v. Bakers Basin Realty Co., 74 N.J. 103 (1977), as being supportive of its asserted right of standing herein. In Bakers Basin, the Court affirmed, per curiam, a judgment of the Appellate Division which held that certain instruments, though containing provision only for nominal liquidated damages as the sole remedy of the sellers in case of breach by the purchaser, constituted contracts of sale rather than options and, therefore, gave the purchaser sufficient interest in the property to challenge the condemnation or participate in an award. Bakers Basin, 74 N.J. at 104-105 aff'g. 138 N.J. Super. 33 (App.Div. 1975). In agreeing that the instruments were contracts of sale rather than options, the Court found it "unnecessary ... to reconsider [its] earlier holding in State v. New Jersey Zinc Co." Id. at 105.
However, Judge Conford, concurring in part and dissenting in part, called for the overruling of New Jersey Zinc. He urged the Court to dispense with the "fine-spun distinction" between contracts and options and to adopt the view of the California Supreme Court to the effect that sound land-development policy requires that realty optionees be accorded standing in condemnation proceedings. Id. at 106 (citing County of San Diego v. Miller, 13 Cal.3d 684, 119 Cal. Rptr. 491, 532 P.2d 139 (1975)).
Even assuming that the Court has hinted in Bakers Basin, supra, that it may be ready to overrule its holding in *241 New Jersey Zinc, supra, it is not this judge's place either to tempt fate or to change the long-standing decisional law of the State at this level; to do so would be presumptuous indeed. Accordingly, this Court is bound by the Court's holding in New Jersey Zinc, supra, that an optionee has no standing to intervene in a condemnation proceeding or to share in the resulting award.
Yet this case differs from New Jersey Zinc in at least one significant respect: here, the option to purchase was coupled with Mobil's leasehold interest; in New Jersey Zinc the Court was concerned only with a bare option, that is, a mere prospective interest devoid of the clothing of any present interest in the condemned realty. Thus, the issue of Mobil's standing in these proceedings turns not on its option to purchase but on its lease and the rights created thereby.
It is undisputed that Mobil, as a tenant, will be entitled to participate in an allocation proceeding and receive an appropriate division of the ultimate condemnation award to the extent of its remaining leasehold interest. See State v. New Jersey Zinc Co., supra, 40 N.J. at 574; New Jersey Highway Authority v. J & F Holding Co., 40 N.J. Super. 309, 316 (App.Div. 1956); R. 4:73-9(b). Yet Mobil's participation should not begin and end there. In the opinion of this Court, the owner of a leasehold interest should not be prevented from offering proofs in the original condemnation proceedings in order to assure the consideration of specific values contributing to the overall value to be made the basis of the general award. See New Jersey Sports & Exposition Authority v. East Rutherford, 137 N.J. Super. 271 (Law Div. 1975); 94 A.L.R.3d 696, 699-700 (1979).
In New Jersey Sports & Exposition Authority v. East Rutherford, supra, Judge Petrella held that various tenants who had not ceded their claim to the value of their remaining lease term could participate in the condemnation proceedings and present non-cumulative proofs to the extent of their respective *242 interests. N.J. Sports & Exposition Authority, 137 N.J. Super. at 285, 292. He reasoned that the definitions of "property,"[1] "condemnee",[2] and "parties"[3] under the 1971 Eminent Domain Act or court rule compel the conclusion that lessees have party standing to participate in the condemnation proceedings leading to a determination of the compensation to be awarded. Id. at 281-283. Additionally, Judge Petrella deduced that since a waiver of the appointment of commissioners requires the stipulation of all condemnees, N.J.S.A. 20:3-12(a), "it cannot be said that certain condemnees are not to participate (unless they have given up that right), and it would be logical that [lessees] have standing to participate at a hearing they have the power to waive." Id. at 283. Indeed, as Judge Petrella acknowledged, lack of participation at the commissioners' hearing would preclude an appeal by the tenants. Id. at 283-284.
This judge finds the reasoning of Judge Petrella both sound and persuasive.[4] Accordingly, although Mobil may not receive *243 separate and additional compensation for its leasehold under the "undivided fee" rule, see State v. New Jersey Zinc Co., supra, 40 N.J. at 574, it has standing to participate at the commissioners' hearing and to offer non-cumulative proofs relative to the value of its remaining leasehold interest. New Jersey Sports & Exposition Authority v. East Rutherford, supra, 137 N.J. Super. at 285, 292; cf. Nelson v. New Jersey Short Line Railroad Co., 73 N.J. Eq. 187, 190-191 (Ch. 1907), aff'd., 74 N.J. Eq. 855 (E & A 1908), demonstrating that the type of participation allowed tenants in New Jersey Sports & Exposition Authority, supra, and endorsed here, is not as novel an idea as one might be led to believe.
Mobil's participation in these proceedings will ensure that the ultimate general award of lump sum compensation reflects all those items which affect the value of the property condemned. New Jersey Sports & Exposition Authority, supra, 137 N.J. Super. at 282. Such participation, however, would be subject to the trial judge's control "to preserve order and avoid repetitious proofs." Id. at 285.
Yet there remains the dispute as to what rights, if any, attach to Mobil's unexercised option to purchase the leasehold premises.
As was previously mentioned, this case differs significantly from New Jersey Zinc, supra, in that Mobil's option is not a naked one but is embodied in a lease  a present interest in realty. While this distinction has not been recognized in any reported New Jersey decision, it clearly has merit.
*244 The holding in New Jersey Zinc was premised on the notion that a bare, unexercised option to purchase does not create any interest in the land. New Jersey Zinc, 40 N.J. at 576. A lessee's option to purchase, on the other hand, is "ancillary to its interest in the property as a lessee," Sholom, Inc. v. State Roads Commission, 246 Md. 688, 229 A.2d 576 (1967); the leasehold option is a covenant in the lease  a present interest in land  which runs with the land and is assignable. See Note, "Compensability in Eminent Domain of Lessee's Option to Purchase", 25 Wash. & Lee L.Rev. 102, 105-106 (1968). Hence, the lessee-holder of an option to purchase is in a different position from the holder of an option who has no interest in the land before the exercise of that option. Sholom, Inc. v. State Roads Commission, supra, 229 A.2d at 582.
Recognizing this critical distinction and observing that an option to purchase contained in a lease is an essential portion of the leasehold estate, the Maryland Court of Appeals held in Sholom, Inc. v. State Roads Commission, supra, that evidence of value of an unexercised option to purchase should be considered in determining the damage done to the leasehold estate in condemnation. Id. at 582.
Courts in other jurisdictions have similarly concluded that a leasehold option, though unexercised, is an interest in realty which is compensable in a condemnation proceeding. See Texaco, Inc. v. Commissioner of Transportation, 34 Conn. Supp. 194, 383 A.2d 1060 (1977); Fullington v. M. Penn Phillips Co., 238 Or. 321, 395 P.2d 124 (1964); Spokane School District No. 81 v. Parzybok, 96 Wash.2d 95, 633 P.2d 1324 (1981); Nicholson v. Weaver, 194 F.2d 804 (9th Cir.1952). There appears to be a growing trend in the law to this effect. See County of San Diego v. Miller, 13 Cal.3d 684, 119 Cal. Rptr. 491, 494, 532 P.2d 139, 142 (1975).
Indeed, it is well settled in this State that an unexercised option to renew a lease is an interest in realty which is compensable in condemnation as part of the damage done to the *245 leasehold estate. New Jersey Highway Authority v. J & F Holding Co., supra, 40 N.J. Super. at 316; Hercey v. Board of Chosen Freeholders, 99 N.J. Eq. 525 (Ch. 1926); see generally 17 A.L.R.4th, 337, 457-460 (1982), for cases of other jurisdictions in accord.
Since an option to purchase and an option to renew are both covenants representing an essential portion of the leasehold estate, see Sholom, Inc. v. State Roads Commission, supra, it would be utterly inconsistent to hold that the latter is compensable while the former is not. See Note, "Compensability in Eminent Domain of Lessee's Option to Purchase", supra, 25 Wash. & Lee L.Rev. at 108.
Accordingly, Mobil may submit evidence of the value of its unexercised option to purchase at the commissioners' hearing, in addition to non-cumulative proofs as to the value of its remaining leasehold estate.
Counsel for Jan-Mar mistakenly argues that Mobil's option to purchase is, nevertheless, not compensable because it was extinguished with the taking. A condemnation also terminates the lease itself; yet it is well settled that the termination of the lease does not prevent the tenant from receiving the value of the unexpired term of the lease, including any options to renew contained therein. New Jersey Highway Authority v. J & F Holding Co., supra, 40 N.J. Super. at 315-316; Hercey v. Board of Chosen Freeholders, supra.
Jan-Mar also contends that Mobil could not have exercised its option and compelled specific performance of the sale at the time of the taking, because a subdivision was required for the transfer. This is hardly a persuasive argument. While there was no guarantee that a subdivision would be granted, Mobil could still have hoped for subdivision approval up to the time of the taking; the condemnation prevented this and, thus, destroyed a valuable right it possessed. Cf. In re Petition of Governor Mifflin Joint School Authority, 401 Pa. 387, 164 A.2d 221, 224 (1960).
*246 Mobil asserts, for the first time, a right to exercise the option now and purchase the fund in court allocable to the leased premises for the option price of $60,000. This court has only concluded that Mobil is entitled to the value of its option and may offer proofs as to the value of the option, as well as the unexpired lease term, at the commissioners' hearing. Whether Mobil can now exercise that option, subsequent to the taking, is another issue altogether and is not properly before the court.[5]
Although it is the holding of this court that Mobil may offer non-cumulative evidence of value of its leasehold and its option to purchase at the commissioners' hearing, it must be cautioned that Mobil will not, upon the final determination of the condemnation award, be entitled to recover the cumulative value of both the option and the remaining leasehold. Rather, Mobil's recovery will be limited to the difference between the unpaid purchase price ($60,000) and the amount of the award allocable to the optioned portion of the premises, less the rent reserved for the remainder of the lease term. See Spokane School District No. 81 v. Parzybok, supra, 633 P.2d at 1325, 1328. Alternatively, Mobil may elect to pursue the value of its lease alone and forego the value of the option to purchase.

II
The complaint in condemnation will not be dismissed, nor will the Order to Show Cause be discharged, on the ground that the State has not furnished Mobil with copies of the appraisal(s) upon which it based the offer to Jan Mar prior to the commencement of this litigation.
*247 The relevant section, N.J.S.A. 20:3-6, is clear that the obligation of the condemnor to "make a reasonable disclosure of the manner in which the amount of ... offered compensation has been calculated" extends only "to the prospective condemnee holding the title of record to the property being condemned." [Emphasis supplied.]
Jan Mar, not Mobil, was the owner of record of the subject premises and the State properly made its disclosure to Jan Mar alone. This conclusion is nowise altered by anything in the opinion of Judge Haines in State, by Comm'r. of Transportation v. Hancock, 208 N.J. Super. 737 (Law Div. 1985), the case cited by Mobil in support of the motion to dismiss.
As a party to the commissioners' hearing, Mobil will be entitled to a list of comparable sales intended to be introduced and the written appraisals of any person who will be called to testify as a valuation expert, at least 15 days prior to the hearing. N.J.S.A. 20:3-12(d); R. 4:73-11(b). In this way, Mobil's interest is adequately protected.
Mobil's request that it be allowed discovery, by way of interrogatories and depositions, with respect to the negotiations between Jan Mar and the State is raised for the first time in Mobil's supplemental brief  the request is not properly before the court. In any event, the normal rules of discovery are not applicable to condemnation proceedings. R. 4:73-11(a).

CONCLUSION
The State's application for the appointment of commissioners is granted.
At the commissioners' hearing, Mobil will be permitted to appear and to present non-cumulative proofs relative to the value of the unexpired term of its lease and the value of its option to purchase the leased premises. Ultimately, however, Mobil's recovery out of the condemnation award will be limited to either the difference between the option purchase *248 price and the portion of the total award allocable to the area of the premises subject to the option, less the rent reserved for the remainder of the lease term, or the value of the lease alone.
The Attorney General will submit a proposed order appointing commissioners. The commissioners shall file their report within four months of their appointment. R. 4:73-4.
Counsel for Mobil will submit a proposed order providing for Mobil's participation in these proceedings in accordance with this opinion. The order shall provide, further, that the motion to dismiss the complaint is denied.
NOTES
[1] N.J.S.A. 20:3-2(d) provides: "`Property' means land, or any interest in land, and (1) any building, structure or other improvement imbedded or affixed to land, and any article so affixed or attached to such building, structure or improvement as to be an essential and integral part thereof, (2) any article affixed or attached to property in such manner that it cannot be removed without material injury to itself or to the property, (3) any article so designed, constructed, or specially adapted to the purpose for which such property is used that (a) it is essential accessory or part of such property; (b) it is not capable of use elsewhere; and (c) would lose substantially all its value if removed from such property."
[2] N.J.S.A. 20:3-2(c), provides: "`Condemnee' means the owner of an interest in the private property being condemned for a public purpose under the power of eminent domain."
[3] R. 4:73-2(a) defines "Parties" as "[t]he record owner, the occupant, if any, such other persons appearing of record to have any interest in the property and such persons claiming an interest therein as are known to the plaintiff."
[4] Counsel for Jan-Mar points out that Judge Petrella misread State v. New Jersey Zinc Co., supra, where he noted: "Thus, defendants advocate a form of participation similar to the type allowed in N.J. Zinc Co., supra, to the holder of an unexercised option to purchase realty". 137 N.J. Super. at 283.

To the extent that his opinion construes New Jersey Zinc as permitting standing to the holder of a bare, unexercised option to purchase, it is not followed. This defect, however, is not fatal to the otherwise sound reasoning that led Judge Petrella to hold that lessees have standing to participate in condemnation proceedings.
[5] In State v. New Jersey Zinc Co., supra, the Court expressed the opinion that this State leans to the view that the right to exercise an option is cut off as of the date of the taking. 40 N.J. at n. 3. Although the Court has "reserve[d] the point," id., this judge will not presume to fill the void by addressing an issue which has neither ripened nor been properly presented.